### 8954

### CALDER v. MAXWELL.

#### (82 S. E. 997.)

JUDICIAL SALES. FAILURE TO COMPLY WITH BID. RESALE.

1. An officer making a judicial sale has no power beyond that conferred by the order of Court which must be strictly followed.

2. Where an order for sale makes no provision for resale on refusal of a bidder to comply with his bid, the officer to sell cannot resell without further direction from the Court, and should report the sale and failure of bidder to comply to the Court, and await its direction.

3. Civil Code 1912, sec. 3706, providing for a resale by the sheriff at the risk of the purchaser at an execution sale who does not comply with his bid, does not apply to a sale by the sheriff as directed by decree of foreclosure, but in such case the powers of the sheriff are governed by the Court's order, and where that makes no provision for a resale, the failure of the purchaser to comply with his bid should be reported to the Court so that he might be noted to show cause for such failure

4. A purchaser at a foreclosure sale is not required to take a title against which there are incumbrances any more than he would be compelled to take it if he had contracted directly with the former owner.

Before RICE, J., Florence, April, 1913. Affirmed.

Nonsuit in action by R. A. B. Calder against P. J. Maxwell. Plaintiff appeals. The facts are stated in the opinion.

FOOTNOTE.—As to allowance of reasonable time to examine title to lands purchased at judicial sale, see note in 52 L. R. A. (N. S.) 751.

*Messrs. Gasque & Page*, for appellant, submit: *The rule of caveat emptor applies:* 27 Cyc. 1723; 2 McC. 382; 2 Bay 169, 170; Const. Rep. 143; 2 Hill·297; 2 Bail. 418; 2 Brev. 45; 26 S. C. 41. *Resale:* 8 S. C. 1; 17 Cyc. 1259, 1260; Civil Code 3706; 2 Brev. 180; 2 Bailey 291; 3 Hill 178.

*Messrs Willcox & Willcox,* for respondent.

September 29, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff was defendant in an action to foreclose a mortgage of land; a decree for sale was made, but no provision was made in it for a resale in the event of a failure of the purchaser to comply with his bid; the sale was had, and the defendant here was the highest bidder, and the land was knocked down to him; the defendant here neglected to comply; the sheriff (who was named in the decree as the organ of the Court to sell), without any report of the default to the Court and without any new directions to do so, proceeded in a subsequent month to resell; the same purchaser bid again, and the land was again knocked down to him, but at a reduced price; the mortgagor and defendant in that suit now sues the defendant here for the difference in the purchase prices.

Strange to say, the plaintiff here thereafter bought from the defendant here, the land and now owns it.

The Court below granted a nonsuit.

There are twelve exceptions, but there are only two issues to be decided.

We think the Court was right upon both the grounds upon which it based ·its order.

First. It was an accident merely that in this instance the sale was made by the sheriff. Such sales are generally made by the master or by the clerk. They could be made

by an individual, officer or private person, to whom the direction of the Court might come. The Court makes the sale, and orders generally one of its officers to write the deed for the defendant, and to convey whatever title the defendant may have had, and no more. In the absence of a specific direction the sheriff must make the sale. 1 Code of Laws, sec. 1192.

The order of the Court is the blazed way for the officer to follow, and no other.

The officer in this instance, and in all instances, unless the order contain other instructions, should have reported to the Court the sale and the refusal of the purchaser to comply with his bid; and the purchaser would then have been noted to show cause why he did not comply. The purchaser might have a good reason to refuse compliance, or he might have none; but the fact would appear.

The provisions of the statute, with reference to sale by the sheriff under executon, have no relevancy to this issue here. Sec. 3706, Code of Laws, 1912.

The execution directs the sheriff to sell; it is general in its terms, and its form is fixed by statute. Code of Civil Procedure (1893), sec. 308.

Secnd. If there were encumbrances on the title of the judgment debtor, the purchaser had a right to decline to take the title. There were encumbrances.

Had Calder agreed with Maxwell to sell to him, and had Maxwell declined to comply by reason of an encumbered title, a Court would not compel compliance.

The case is not altered that Calder's title was sold involuntarily. *Virginia-Carolina Chemical Co.* v. *McLucas,* 87 S. C. 357, 69 S. E. 670.

The Circuit Court decided no other issues.

The judgment of that Court is affirmed.

MR. JUSTICE HYDRICK concurs in the result.