14670

WOOTEN v. SEANCH

(196 S. E., 877)

220

*Mr. Andrew A. Manning,* for appellant,

*Mr. Robert J. Gantt,* for respondent,

April 25, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant made a motion before the County Court of Spartanburg County to set aside a sale of real estate made in the above-entitled case by the Master for Spartanburg County, under an order of foreclosure of mortgage. The grounds of the motion were: (1) Gross inadequacy of consideration; (2) defects appearing in the record; (3) that the defendant is erroneously named in the pleadings. No *lis pendens* was filed. There was no order confirming sale.

Judge Merchant, of the County Court of Spartanburg County, overruled the motion. This appeal followed, predicated upon fourteen exceptions, which make but three questions for our consideration, viz.: Inadequacy of consideration. Alleged defects in the pleadings, in the following particulars: Defendant is incorrectly named in the pleadings. No *lis pendens* was filed. The land to be sold was incorrectly described in the advertisement of sale; that the report of sale had not been confirmed.

It is the established rule of this jurisdiction to uphold judicial sales, when regularly made, "when it can be done without violating principle or doing injustice." *Farr v. Gilreath,* 23 S. C., 502, quoted with approval in *Jefferson Standard Life Ins. Co. v. Standard Bldg. Co.,* 174 S. C., 150, 177 S. E., 24, 27.

It is equally as well established as a rule of law in this jurisdiction that mere inadequacy of price is not alone sufficient ground for setting aside a judicial sale. The rule is thus stated in the case just above cited: "No doubt the rule is that inedaquecy of price unless it is so gross as to shock the conscience, or accompanied by other circumstances warranting the interference of the Court, is not enough to move the Court to set aside a sale fairly made."

Are "the other circumstances" relied upon by appellant in this case such as should sustain the motion to set aside the sale? To have that effect there must be such irregularity in the proceedings as to show that the sale was not fairly made, or that appellant was defrauded or misled to his injury and loss.

The facts relied upon by the appellant are that the appellant is incorrectly named in the pleadings in that he is styled Seanch, whereas his real name is Scanch. It is sufficient to say that to avail himself of this objection, the issue should have been made by answer or demurrer, which was not done. Appellant appeared by attorney, who consented to the order of reference, and attended the reference, and no reference was made to the alleged misnomer.

A further alleged defect is that the property to be sold is incorrectly described in the advertisement of sale. No copy of such advertisement is in the record and no proof is offered of the alleged error. Nor is there any evidence offered that any one was misled by the alleged error, or deterred from bidding on the property by it. Another alleged defect is that no *lis pendens* was filed. The purpose of filing *lis pendens* is to give notice to a purchaser, or encumbrancer, of the pendency of the action. No

such purchaser or encumbrancer is here complaining, and appellant is not shown to be damaged by the failure to file such *lis pendens*. Still another alleged defect is that there has been no order confirming the sale. This matter is disposed of by the provision of Section 9080 of the Code of 1932, which is as follows: "Upon the execution and delivery by the proper officer of the Court of a deed for any property sold at a judicial sale under a decree of a Court of competent jurisdiction, the proceedings under which such sale is made shall be deemed *res adjudicata* as to any and all *bona fide* purchasers for value without notice, notwithstanding such sale may not subsequently be confirmed."

It is true that the mortgagee was the purchaser of the property sold in this case. There is no suggestion of fraud in the case, nor is there any evidence that the purchaser had notice of any irregularities in the proceedings—if any existed. The trial Judge holds that the sale was regular and fair. We do not think that the failure to have the sale confirmed by the order of the Court works any hardship on the mortgagor. The sale may still be confirmed.

Let the order of Judge Merchant be reported.

The judgment is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.