16286

HENRY v. BLAKELY

STANBACK v. JAGGERS

(56 S. E. (2d) 581)

14

*Messrs. A. T. Henry, Angus H. McCaulay and Charles W. McTeer,* all of Chester, *for Appellant;*

*Messrs. McFadden & McFadden,* of Chester, *for Respond-dent,*

November 28, 1949.

BAKER, Chief Justice.

Pursuant to judgment for plaintiff in an action in the Court of Common Pleas for Chester County to foreclose a chattel mortgage covering the automobile involved, wherein J. S. Stanback was plaintiff and Floyd Jaggers was the defendant, execution was issued, and a levy on the automobile was made by the sheriff of said County, who advertised the sale thereof in a notice prepared for him by the petitioner-appellant herein as attorney for the plaintiff (hereinafter referred to merely as appellant). The notice was in the usual and accepted form, fixing the time thereof "within the legal hours of sale," and also "at 11 o'clock A. M.," on the 2nd day of May, 1949, and the place of the sale was designated "at the Chester County Court House."

It is not in dispute that the balance due on the chattel mortgage is more than Four hundred ($400.00) Dollars, and that had the appellant and his associate counsel, or either of them, been at the sale, they would have bid to the amount due on the mortgage to their client, in accord with his instructions. Nor is any issue raised as to the right of the ap-

pellant herein to institute and maintain the intervening proceeding from which this appeal stems. In other words, the intervening proceeding was treated as though it had been brought by the original plaintiff primarily for his relief, and secondarily, for the protection of appellant and the counsel associated with him in their representation of plaintiff.

On May 2, 1949, being the first Monday in May (sale day), the Clerk of Court held a legal sale of real estate, pursuant to notice, and under an Order of Court, the same being made at 11 o'clock A.M., in front of the Courthouse.

The appellant and his associate counsel were at the front of the Courthouse at the hour and on the day these sales (the real estate by the Clerk of Court, and the automobile by the Sheriff) were advertised to be made. The appellant's sole purpose in being there was to protect the interest of his client at the sheriff's sale of this automobile, but his associate counsel had an additional reason for being present (at the front door of the Courthouse) for he was also interested in the real estate to be sold by the Clerk of Court.

The person who usually acts as the auctioneer at judicial sales conducted by the Clerk of Court for Chester County was absent on this sale day, and at the request of the Clerk of Court, the appellant consented to act as auctioneer, and publicly announced that immediately upon the conclusion of the sale of the real estate, the sheriff would sell the automobile here involved. When the Sheriff, at the conclusion of the sale of the real estate (there was only one sale) did not make his appearance, the appellant and his associate counsel went to the office of the sheriff to ascertain why he was not at the front of the Courthouse to sell the automobile, and were informed that the sale had been held in the rear of the Courthouse while the sale of real estate by the Clerk of Court was being made at the front, and that the automobile had been sold to respondent on his bid therefor of Eighty-two and 50/100 ($82.50) Dollars, which sum, according to the petition of the appellant and supporting af-

fidavits, was a most inadequate price, the then value thereof being Five hundred ($500.00) Dollars.

Immediately following the receipt of the information that the automobile had been sold, and to respondent for the amount above stated, appellant tendered to respondent the sum of $82.50 which was refused. Thereupon, appellant served notice on the Sheriff of Chester County and the respondent that he would move to have the sale set aside.

Upon petition of the appellant setting forth substantially the pertinent and relevant facts as hereinabove stated, though not in such detail, of the circumstances surrounding the sale of this automobile, and the excusable failure of the appellant and/or his associate counsel to attend the sale and protect the interest of their client, thus resulting in the automobile being sold for a most inadequate price and at great loss to the plaintiff (appellant's client), the appellant procured an order in the Court of Common Pleas requiring respondent to show cause as to why the sale of the automobile involved should not be declared null and void and set aside, and the automobile resold at a later date.

Respondent duly made his return to the rule to show cause, and after hearing arguments, the Circuit Judge held the return sufficient, declared the sale of the automobile valid and legal. and adjudged that the respondent was the owner thereof by reason of his purchase at the sheriff's sale, and entitled to its possession.

It is from such order that the appeal comes to this Court.

Before setting forth the gist of the return of respondent, we should state that on the hearing thereof, it was developed that the respondent did not pay the amount of his bid for the automobile in cash as was called for in the advertisement of the sale, and required by the statutory law of this State governing such sales. Section 9078, Code of 1942. Payment of the amount of the respondent's bid was made by his personal check payable to the order of the Sheriff, which had not been cashed.

The return of the respondent shows : that the sale of the automobile in issue was held at the steps to the rear of the Courthouse, and shortly after, if not immediately after 11 o'clock on said May 2, 1949 (and we might add, while the Clerk's sale of real estate was taking place at the front of the Courthouse) ; that there were a number of parties present when the sale was made, some of them bidding for this automobile, and that respondent was the successful bidder, his being the highest bid; that it has been the custom of the Sheriff of Chester County, when selling automobiles, and other personal property at public, legal sales, to hold such sales at the rear of the Courthouse; and that no request was ever made of the Sheriff, or any one connected with his office, to delay the sale of this automobile until after the sale of the real estate being sold by the Clerk of Court had been completed.

Of course, personal property levied upon under execution may. be sold by the sheriff at a more convenient place in his county to be designated in the advertisement of the sale. Sections 9072, 9073 of the Code of 1942.

It is undisputed that public, legal sales, of real estate, and occasionally, personal property, in Chester County, are auctioned for sale and sold at the front of the Courthouse, that is, when advertised for sale at the Courthouse, the real estate first, and the personal property immediately thereafter.

As has been said time and again in cases involving the setting aside of judicial sales, it is the policy of the Courts to uphold such sales when regularly made, and when it can be done without violating principle or doing injustice; and that mere inadequacy of price, unaccompanied by other circumstances which would invoke the exercise of the Court's discretion is not sufficient, unless, perhaps, it is so great as to raise a presumption of fraud or to shock the conscience of the Court. See *Farr v. Gilreath,* 23 S. C. 502; *Farrow v. Farrow,* 88 S. C. 333, 70 S. E. 459; *Bonham v.*

*Cave,* 102 S. C. 308, 86 S. E. 681; *Poole v. Jefferson Standard Life Ins. Co.,* 174 S. C. 150, 177 S. E. 24; *Brownlee et al. v. Miller et al.,* 208 S. C. 252, 37 S. E. (2d) 658.

While as stated above, that the mere inadequacy of price is not sufficient ground for setting aside a judicial sale, yet, when such inadequacy of price is the result of the act of the officer selling the property, which act could not have been reasonably anticipated by the party for whose benefit the property was being sold, then such party should have relief at the hands of the Court by setting aside the sale.

The notice of the sale by the Sheriff was prepared by the appellant herein as attorney for the plaintiff, and his name appeared thereon in such capacity. The Sheriff knew that appellant was interested in the sale, and that neither he nor his associate counsel was present at the sale. He also knew that a sale of real estate was being held at the front of the Courthouse by the Clerk of Court, and that in all probability counsel were attending that sale, or if he didn't know of such sale, and the presence there of counsel representing plaintiff, the slightest inquiry on his part would have resulted in such information. There is nothing in the record which tends to show that appellant or his associate counsel had any knowledge of the custom in Chester County of the Sheriff selling automobiles levied upon under execution, at the back door of the Courthouse. To the contrary, the facts hereinbefore related are most convincing that the appellant and his associate counsel had no other idea than that the automobile would be sold by the Sheriff at the front of the Courthouse immediately after the sale of real estate had been concluded, and that they acted upon such assumption.

Considering all of the circumstances surrounding this sale, we can reach no other conclusion than that there was such a misunderstanding between the Sheriff's office and the counsel representing the mortgage creditor as to the place at

the Courthouse where this automobile would be sold, that it would work an injustice to declare valid the sale held.

In fairness to the Sheriff of Chester County, it should be stated that this sale was made by one of his deputies.

We do not find it necessary to discuss the acceptance by the sheriff's office of a check for the amount of the bid of the respondent.

The order appealed from is reversed, and a resale of the automobile is ordered (assuming that the automobile is still in the possession of the Sheriff).

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.