17430

J. C. SPILLERS, Appellant, v. Clarence E. CLAY, Respondent. Bernis A. EVANS, Plaintiff, v. J. C. EVANS *et al.,* Defendants

(103 S. E. (2d) 759)

*J. W. Hudgens, Jr.,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-ville, *for Respondent,*

May 29, 1958.

LEGGE, Justice.

In a suit in the Greenville County Court for partition and sale of certain real estate, the Honorable W. B. McGowan, Judge of that Court, issued a decree directing that the property be sold at public auction by the Master for Greenville County. The sale was thereafter held in the courtroom of the county courthouse under the direction of the Master, who was present, Mr. Grady Foster being the auctioneer. Upon the property being knocked down to Mr. J. C. Spillers for twenty-five hundred ($2,500.00) dollars, Mr. Clarence E. Clay, an attorney of the Greenville bar, who had represented several of the defendants in the partition suit and who had been bidding for one of them, immediately arose from his seat in the rear of the courtroom and stated that his was the high bid at twenty-four hundred ($2,400.00). Mr. Foster informed him that Mr. Spillers had bid twenty-five hundred ($2,500.00) dollars and was at that figure the highest bidder, and that he had knocked the property down to him. Mr. Clay thereupon requested the Master to allow him to increase his bid, stating that he had not heard Mr. Spillers' bid of twenty-five hundred ($2,500.00) dollars; but the Master declined to reopen the bidding. On the following day, upon Mr. Clay's petition, Judge McGowan issued his order directing the interested parties, including the Master and Mr. Spillers, to show cause why the Master should not be enjoined from closing the sale and directed to readvertise the property. The matter was thereafter heard before Judge McGowan, who, after hearing testimony, issued his order dated October 26, 1957, setting aside the action of the auc-

tioneer in knocking the property down to Mr. Spillers, and directing the Master to readvertise the property for sale on the earliest possible sales day, with instructions to the auctioneer to start the bidding at twenty-five hundred ($2,500-.00) dollars. From that order Mr. Spillers appeals.

In our consideration of the order under appeal, we must bear in mind that the cause was equitable in nature; that respondent's petition was addressed to the discretion of the court; and that the court has found, as a fact, that respondent was, at the time of appellant's last bid, under an excusable misapprehension of the facts.

The sale was held, as before stated, in the courtroom. In addition to the partition sale in question and another judicial sale that preceded it, numerous sales for delinquent taxes were to be made, and a large crowd was on hand. That the sales were handled quite expeditiously is apparent from the fact that in a little less than three hours fifty-three pieces of property were sold. The Master was present, with his secretary, who was to handle receipt of the cash deposits usually required in Master's sales, together with other clerical details. Mr. Clay's clients and the other parties to the partition suit are Negroes, and they were sitting in the rear of the courtroom as was customary; Mr. Clay was sitting with them. Mr. Spillers, who owned property adjoining that involved in the partition sale, was seated nearer the front.

Mr. Foster the auctioneer, testified that after Mr. Clay had bid twenty-four hundred, Mr. Spillers had bid twenty-five hundred, whereupon Foster had pointed to Spillers, repeated his bid three times, and then announced that the property was sold to him; and that thereupon Clay immediately came forward and protested to the Master.

Mr. Clay testified that he had thought his own bid was the high one, and that the auctioneer was trying to get a bid of twenty-five hundred; that he had not heard Mr. Spillers' bid of twenty-five hundred; that his first knowledge of the latter's bid was when the auctioneer announced that the

property was sold to Mr. Spillers; and that he had been instructed by his clients, and was prepared, to bid substantially more than twenty-five hundred dollars for the property.

The Master testified that at the time of Mr. Spillers' final bid his attention had been distracted from the bidding because a person who had bid in a piece of property at the sale immediately preceding had come up to make his deposit and was asking questions of the Master's secretary, who in turn had asked the Master a question; and that as a result of this distraction he had not followed his usual practice of watching the bidding closely and, when it would appear that the property was about to be knocked down, stopping the auctioneer and asking him whose bid it was. He confirmed the fact that, upon the property having been knocked down to Mr. Spillers, Mr. Clay had immediately arisen, claimed the high bid, and requested that the sale be allowed to proceed. So also testified counsel for the plaintiff in the partition suit, he having been present at the sale.

Over appellant's objection a real estate broker, familiar with the property (which comprised about forty-one acres), was permitted to testify that it was worth not less than five thousand two hundred ($5,200.00) dollars and was readily salable at that figure. The objection was upon the ground that no issue of value was raised by the pleadings. Like contention is made by two of appellant's exceptions; but we think it is without merit. The record before us does not contain appellant's return to the rule to show cause. But respondent's petition had alleged that he and his client had, on the day before the sale, discussed the sale with the Master and explained how valuable the property was to his client; that respondent had been instructed to bid substantially more than $2,500.00 for it; and that, having misunderstood appellant's bid he had requested the Master to reopen the bidding so as to permit him to offer a higher bid. The testimony was relevant to these allegations. Moreover, had it not been relevant, such error as there may have been in admitting it was cured when appellant,

without objection: (1) permitted Bernis Evans, the plaintiff in the partition suit, to testify that twenty-five hundred dollars was not a fair price for the property, and that she and her co-owners had been offered $150.00 per acre for it; and (2) made no objection to testimony of Ora Redman, Mr. Clay's client, that the property was worth at least $5,200.00, and that she had instructed Mr. Clay to bid for it up to $6,000.00. *Wright v. Gilbert,* 227 S. C. 334, 88 S. E. (2d) 72.

As stated in *Brownlee v. Miller,* 208 S. C. 252, 37 S. E. (2d) 658, the rule is well settled that inadequacy of price, unless so gross as to shock the conscience of the court, or accompanied by other circumstances warranting the interference of the court, will not justify the setting aside of a judicial sale. But it does not follow that disparity between the accepted bid and the claimed value of the property may not be considered in the light of the other circumstances. On the contrary, the rule as before stated clearly contemplates that where there are other circumstances tending to show that the sale should, in good conscience, be set aside, disparity between the accepted bid and the fair value of the property as disclosed by the evidence is a proper factor to be considered by the court in arriving at its decision.

A judicial sale should not be set aside except for cogent reasons. The purpose of the law and of the proceedings in which a sale has been decreed is that it shall be final. As was said in *Farrow v. Farrow,* 88 S. C. 333, 70 S. E. 459, the successful bidder makes himself a party to the cause, and, except where title to the property is defective, or where he can show fraud, misrepresentation, mistake, or other circumstances of unfairness in the sale, he may be compelled by the court to perform his contract of purchase. In the absence of such circumstances, therefore, his contract should be upheld. These principles are well established. *Henry v. Blakely,* 216 S. C. 13, 56 S. E. (2d) 581; Appeal of Paslay, 230 S. C. 55, 94 S. E. (2d) 57.

In the case last cited, petitioners alleged that they had been prepared, through their attorney, to bid at least $1,000.00 for the property that was sold in partition, to a stranger to the suit, for $450.00; and it appeared, also, that their attorney had been prevented, from attending the sale because of mechanical failure of his automobile. But we held the disparity between the sale price and the alleged value of the property not so shocking as in itself to vitiate the sale, and that counsel's explanation of his failure to be present was not sufficient, in the circumstances, to warrant our setting it aside. Distinction between that case and this is readily apparent. There no factor was present for which the selling officer had any responsibility; here the claim of misapprehension and excusable mistake on the part of counsel was in relation to the conduct of the sale.

In *Henry v. Blakely, supra,* a misunderstanding between appellant's counsel and the sheriff, whereby the former was not present at the sheriff's sale of an automobile in the rear of the courthouse instead of in front of it, was held sufficient, in conjunction with the fact that the automobile, allegedly worth $500.00, had been sold for $82.50, to justify resale.

In the case at bar Judge McGowan concluded from all of the evidence that the auctioneer had probably been overhasty in knocking the property down to Mr. Spillers, and that under all the circumstances Mr. Clay's misapprehension of the final bid was excusable. These conclusions, together with his further finding that the property is worth much more than the price at which it was knocked down, that the parties to the cause were ready to bid a much higher figure, and that to permit completion of the sale at the price bid by Mr. Spillers would result in injustice to the partitioners, are not without support in the evidence. After careful review of the record we conclude that abuse of discretion has not been shown, and that the order appealed from should be affirmed.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.