20438

MULTIPLEX BUILDING CORPORATION, INC., Respondents, v.
Robert T. LYLES, Appellant.

(235 S. E. (2d) 133)

*Messrs. Barnes, Austin & Ellison,* of Columbia, *for Appellant,*

*Messrs. Edens* and *Barber,* and *Whaley, McCutchen* and *Blanton,* of Columbia, *for Respondent,*

May 19, 1977.

LEWIS, Chief Justice:

Section 45-251 *et seq.* of the 1962 Code of Laws, as amended, creates the right to a mechanic's lien and provides for its filing and foreclosure. Prior to 1957, Section 45-262 required that a mechanic's lien be dissolved unless a suit for its enforcement was begun within a six months period. However, in 1957, Section 45-262 was amended to require not only that the foreclosure suit must be commenced but *also* that a notice of pendency of the action be filed within six months. Act No. 167 of the 1957 Acts (50 Stat. 181). Section 45-262, as amended, now states:

"Unless a suit for enforcing the lien is commenced, and notice of pendency of the action is filed, within six months

after the person desiring to avail himself thereof ceases to labor on or furnish labor or material for such building or structures, the lien shall be dissolved."

The issue in this appeal concerns the right to foreclose a mechanic's lien without filing the notice of pendency of action required by the above quoted Section.

This action by respondent to foreclose a mechanic's lien previously filed against appellant was commenced within the statutory period of six months but it is conceded that no notice of pendency of action has ever been filed. Appellant's motion to dismiss the action and dissolve the mechanic's lien on the ground that the failure to file the notice of pendency of the action within six months bars the enforcement of the lien was denied by the lower court and this appeal followed. The motion to dissolve the lien should have been granted.

In refusing to dissolve the lien, the lower court held that the requirement for filing the notice of pendency of the action was to give notice to a purchaser or encumbrancer and, since appellant was neither, but was a party to the action with actual notice, he was not entitled to have the mechanic's lien dissolved, citing *Wooten v. Seanch,* 187 S. C. 219, 196 S. E. 877. The lower court further considered relevant the absence of any showing that appellant had been damaged by the failure to file the notice.

The issue must be decided according to the terms of the statute, since mechanics' liens are purely statutory and can only be acquired and enforced in accordance with the conditions of the statute. 53 Am. Jur. (2d), Mechanics' Liens, Section 2.

Section 45-262 provides that the lien shall be dissolved unless a suit for enforcing the lien is commenced and a notice of pendency of the action is filed within the six month period. We are no more justified in dispensing with the requirement that a notice of pendency of action be filed than we would be to dispense with the necessity that an action be commenced.

Certainly, no one would contend for the latter. Both the commencement of suit and the filing of a notice of pendency of the action are required.

The fact that the rights of third parties are not asserted does not eliminate the necessity for filing the notice of pendency of action. The statute makes no exceptions, but requires that the lien "shall be dissolved" unless both prerequisites to enforcement are met. As stated by the court in *Trushin v. Brown,* Fla. App., 132 So. (2d) 357, where similar facts were involved: "Although the wisdom of the requirement in all mechanic's lien foreclosures for the filing of a notice of the pendency of an action, where the rights of third persons are not involved, may be questionable, nevertheless we feel it our duty to construe the statute in the light of its clear, unambiguous terms."

The decision in *Wooten v. Seanch, supra,* 187 S. C. 219, 196 S. E. 877, relied upon by the lower court does not control the application of the present statutory provisions. *Wooten* involved the requirement for filing of a notice of pendency of action in an action for the foreclosure of a mortgage lien. The statute there involved (Code Section 10-501 *et seq.*) did not specifically state the result of a failure to file the notice and the court held that the purpose of the requirement was to give notice to purchasers and encumbrancers. Here the statute not only requires that the notice be filed but that the failure to do so dissolves the mechanic's lien. This clear statutory mandate leaves no room for interpretation of its application as did the statute in *Wooten.*

The judgment is accordingly reversed and the cause remanded for entry of judgment in favor of appellant for dissolution of the mechanic's lien.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.