HOLMES, Judge.
This is an appeal from the confirmation of the sale of certain real estate. The property was sold by court order as part of a property settlement in a divorce action. We affirm the confirmation of the judicial sale.
We note that the present parties are not the parties to the original divorce action. However, the unsuccessful bidder at the judicial sale is the brother of the husband in the original divorce action. The property in question was the “old homeplace” of the parties in the divorce action.
The unsuccessful bidder, the appellant, bid $1,000 less than the successful bidder. The unsuccessful bidder contends that the judicial sale of the “old homeplace” was “fraudulent” because the successful bidder was given ten days to pay for the property. The unsuccessful bidder asserts that the sale was advertised to be a cash sale, that the cash was due the day of the sale, and that, had he known of the additional time allowed for financing, he would have bid more for the property.
The Circuit Court of Madison County held as follows:
“[T]he delay in making payment of the bid price was the result of an agreement made by and between the parties after the sale was concluded. There was no irregularity in the sale so as to cause this Court to set aside the sale under Section 6-9-147, Code of Alabama 1975.”
This statute provides the following: “Courts have full power over their officers making execution or judicial sales, and whenever satisfied that a sale made under any legal process is infected with fraud, oppression, irregularity or error to the injury of either party, the sale will be set aside.” Ala.Code § 6-9-147 (1975).
We note at the outset that the circuit court heard the evidence presented ore terms in determining that the sale was not fraudulent or irregular under the statute. We will not disturb this finding unless it is “palpably” wrong.
The Supreme Court of Alabama stated as follows: “Where the trial judge has the witnesses before him, hears their testimony and observes their demeanor on the witness stand, his judgment, unless palpably wrong, will not be here disturbed.” Singley v. Land, 244 Ala. 692, 694, 15 So.2d 564, 566 (1943) (cites omitted).
In this case, we find there is no “palpable” wrong. As previously stated, the unsuccessful bidder contends that the cash was due the day of the sale because the sale was advertised to be a cash sale; consequently, the sale was fraudulent because the successful bidder was given ten days to pay for the property.
The Supreme Court of Alabama held that a two-day delay in the payment of purchase money was not sufficient cause to set aside a judicial sale. Chilton v. Alabama Gold Life Insurance Co., 74 Ala. 290 (1883).
In the instant case, ten days is not significantly different from two days. The record indicates that this is not an unusual procedure in real estate closings and that the purpose of delay may be for a “title opinion.”
The Supreme Court of Alabama reasoned in Chilton as follows:
“[Tjhere will be an interval which must be consumed in the counting and payment of the purchase-money; and it must frequently occur that the purchaser, while having the money within reach, may not have it present at the place of sale. There can be no objection to an accommodation of the conduct of the officer making the sale, to necessities, or exigencies of this kind, which may arise.”
Chilton, 74 Ala. at 294 (emphasis added). Delay in payment of purchase money for ten days for a “title opinion” may be a “necessity” within the language of the Chilton decision. Whatever the reason for the ten-day delay, it was per agreement of the sellers after the highest bidder was determined.
Furthermore, the successful bidder testified that he was prepared to pay cash at the sale. There was also testimony by a bank employee that a check from the sue- *820 cessful bidder would have been good on the day of the sale.
In view of the above, we find that the ten days allowed for the payment of purchase money is not a fraud or an irregularity under the statute allowing courts to set aside judicial sales. There is no “palpable” wrong and we will not set aside the judicial sale.
Apparently, the unsuccessful bidder additionally contends on appeal that he should have been allowed to intervene in the original divorce action for the limited purpose of acquiring standing to appeal the confirmation of the sale of the property by the circuit court.
We do not find it necessary to address this contention because the unsuccessful bidder has in fact appealed the confirmation. Hence, no error.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.