### 1660

FEDERAL NATIONAL MORTGAGE ASSOCIATION as Successor in Interest to Freedlander, Inc., the Mortgage People, Petitioner-Respondent v. Art BROOKS and Oliver A. Nealy, Clerk of Court, Defendants, Of which Art Brooks is, Appellant. In re FEDERAL NATIONAL MORTGAGE ASSOCIATION as Successor in Interest to Freedlander, Inc., the Mortgage People, Plaintiff v. Ronnie B. PORTER and Myra C. Porter, Defendants.

(405 S.E. (2d) 604)

Court of Appeals

*William D. Richardson,* Greenville, *for appellant.*

*J. D. Todd, Jr.,* Greenville, *for petitioner-respondent.*

Heard April 17, 1991.

Decided May 13, 1991.

*Per Curiam:*

Federal National Mortgage Association (FNMA) sued the appellant, Art Brooks, and the Pickens County Clerk of Court to set aside Brooks's bid on real estate he bought at public auction. The special referee set aside the bid and Brooks appeals. We affirm.

FNMA held a second mortgage on the property which is the subject of this action. The mortgagors defaulted in their mortgage payments and FNMA foreclosed its mortgage. Apparently believing there was sufficient equity in the property, FNMA waived deficiency judgment. The foreclosure referee ordered the property advertised and sold by himself at public auction. The referee then, according to custom in the county, permitted the clerk of court to advertise and sell the property at auction.

To complicate matters more, the foreclosure referee, a local attorney, was retained by FNMA prior to sale to bid on the property at the foreclosure sale. He was authorized to bid up to $27,500, the amount of the second mortgage plus costs and expenses. On the morning of the foreclosure sale, the foreclosure referee's son fell ill and he was unable to attend the sale. The referee then called his law partner to bid on the property. However, due to a mix-up in instructions, the law partner failed to enter a bid on the subject property.

Brooks's bid on the property at the foreclosure sale was $875. His purchase of the property was made subject to a first mortgage balance of $24,720. On March 7, 1989, a day after the sale, FNMA filed a motion in the clerk of court's office asking that Brooks's bid be set aside. By order dated March 31, 1989, the circuit court restrained and enjoined the clerk of

court from "affirming the above bid or issuing a deed to Art Brooks for the above property." The circuit court referred the matter to a special referee to hear the merits and enter a final judgment with direct appeal to the South Carolina Supreme Court.

In his order setting aside the bid the special referee in this action found the bid price of $875 to be grossly inadequate. He found excusable neglect in the failure of FNMA to bid on the property to protect its interest. He further found Brooks had failed to comply with the requirements of the foreclosure decree to pay the amount of his bid into court within the twenty days required by the decree. He concluded these collective circumstances required a setting aside of the sale.

Brooks argues the bid price of $875 was adequate because the bid plus the first mortgage balance of $24,720, which he must pay, represents almost forty-nine percent of the total value of the property.[1] He also argues the circumstances of this case do not support a finding of excusable neglect. Finally, he argues any failure to comply with the terms of the foreclosure decree is due to the conduct of the foreclosure referee. We do not reach the issue of excusable neglect because we believe inadequacy of the bid price when considered in conjunction with the other incidents of noncompliance with the terms of the foreclosure decree afford a sufficient basis for setting aside the foreclosure sale.

The foreclosure referee's order of sale provides:

> [I]f, upon such sale being made, the purchaser, or purchasers, should fail to comply with the terms thereof within twenty (20) days after date of sale, then the undersigned special referee may advertise, the said premises for sale on the next, or some other subsequent sales day at the risk of the highest bidder. . . .

The law is well settled in South Carolina that inadequacy of price, unless so gross as to shock the conscience of the court, or accompanied by other circumstances warranting the interference of the court will not justify the setting aside of a judicial sale. *Investors Sav. Bank v. Phelps*, — S.C. —, 397 S.E. (2d) 780 (Ct. App. 1990). But

---

[1] The referee in this action found the property to be worth $52,500.

"where there are other circumstances tending to show the sale should, in good conscience, be set aside, disparity between the accepted bid and the fair value of the property as disclosed by the evidence is a proper factor to be considered by the court in arriving at its decision." *Spillers v. Clay*, 233 S.C. 99, 104, 103 S.E. (2d) 759, 761 (1958). It cannot be gainsaid that the payment by Brooks of $875 for equity of over $27,000 was adequate, albeit, it is not so grossly inadequate as to shock the conscience of the court.

In the conduct of a judicial sale, the selling officer acts in a ministerial capacity as the arm of the court to carry out its orders. He in no way acts in a judicial capacity. *Ex Parte Keller*, 185 S.C. 283, 194 S.E. 15 (1937). Thus, the clerk of court as selling officer has no authority to modify the terms and conditions of the foreclosure decree in any material way. In *Keller*, the master supplemented the foreclosure decree with a condition not found in the decree. The *Keller* opinion stated:

"The master supplemented the order of the court by a condition not found in said order, to-wit, that the land should be sold subject to the claim of the homestead. This addition to the order was made by the master on the day of sale, when Crawford & Co., attorneys of the petitioner, gave notice of this claim. But by what authority could the master thus supplement said order? We know of none; and, even admitting for this case, that, had the order been carried out according to its terms, the result might have been different, yet, said order not having been executed, the matter stands as if there had been no sale. It was a void sale, the master having no authority to sell as he did (*Baily v. Baily*, 9 Rich. Eq. [392], 395), and consequently the petitioner was not bound to pay in her bid."

*Keller*, 185 S.C. at 294, 194 S.E. at 20 (quoting *McMaster v. Arthur*, 33 S.C. 512, 515, 12 S.E. 308, 309 (1890)).

The *Keller* decision further quoted prior South Carolina caselaw as follows:

"The respondent . . . was charged with notice of the terms of the decree of sale, and the master had no au-

thority to vary these terms. As was stated in *Parrott v. Dickson*, 151 S.C. 114, 148 S.E. 704, 706 [63 A.L.R. 965]: "The order of sale was the chart which guided the clerk of court in making the sales therein ordered. * * * The order of sale was a public document, and all bidders, as well as other persons, were charged with notice of its terms.' "

"Again in *Calder v. Maxwell*, 99 S.C. 115, 82 S.E. 997, a case involving a judicial sale, Mr. Justice Gage, speaking for the court, says: "The order of the court is the blazed way for the officer to follow, and no other.' "

*Keller*, 185 S.C. at 295, 194 S.E. at 20 (quoting *Peoples Nat. Bank of Greenville v. Hudson*, 179 S.C. 399, 404, 184 S.E. 102, 104 (1936) ).

The irregularities involved here are not insubstantial. In the first place, although the order of sale requires the foreclosure referee to advertise and conduct the sale, he did neither.[2] Both of these functions were performed by the clerk of court in accordance with the practice in Pickens County.[3] As a consequence, neither the advertisement for sale nor the oral announcement of the terms of the sale indicated the proper time for payment of the bid by a prospective bidder. Instead, they announced to prospective bidders that the period for payment of bids was thirty days. However, Brooks had no right to rely on the advertisement or the oral announcement of the terms of sale when reference to the foreclosure decree would have provided him with the correct information regarding compliance. We therefore hold that a deviation from the terms of the foreclosure decree by the clerk of court was ineffective to extend the time for payment of the bid and thus Brooks's failure to pay the amount of his bid into court within twenty days as required by the decree deprived him of standing to complain of the trial judge's setting aside the sale.

---

[2] *S.C. Code Ann.* Section 15-39-635 (Supp. 1990) permits a referee to whom a matter has been referred to conduct a judicial sale related thereto. However, that section does not authorize a referee to allow the clerk of court to perform such sales for him.

[3] Regardless of county practice, we know of no authority for the referee to allow these functions to be performed by the clerk of court absent a provision in the decree providing for such.

In our consideration of the order under appeal, we are mindful of the fact this matter is equitable in nature and FNMA's petition was addressed to the discretion of the court. *Spillers*, 233 S.C. 99, 103 S.E. (2d) 759. We agree with the referee it would be most inequitable under the facts of this case to allow Brooks to be unjustly enriched at the expense of FNMA. It is apparent FNMA waived deficiency on the premise it would either obtain the property at the judicial sale or be paid by a third party who was willing to bid more than FNMA. We conclude no abuse of discretion has been shown and the order of the special referee should be affirmed.

Affirmed.