THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Wells Fargo Home Mortgage, Respondent,
v.
Eric C. Salas, South Carolina Workers Compensation Uninsured Employers Fund, Gannett Pacific Corporation, The Greenville News-Piedmont Company, and South Carolina Department of Revenue,
Defendants,
of whom Eric C. Salas is, Appellant.
 
 
 

Appeal From Greenville County
 Charles B. Simmons, Jr., Master In Equity

Unpublished Opinion No. 2006-UP-177
Heard February 7, 2006  Filed March 29, 2006

AFFIRMED

 
 
 
Randall S. Hiller, of Greenville, for Appellant.
Peter D. Korn, of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this foreclosure action, Eric Salas appeals the masters order denying his motion to set aside the default judgment entered against him and his motion to set aside the judicial sale of his Greenville County property.  We affirm. 
FACTS
On February 20, 2004, Wells Fargo Home Mortgage, Inc. (Wells Fargo) initiated a foreclosure action against Salas.  Salas failed to make payments to Wells Fargo on a note secured by a mortgage covering Salass property in Greenville County (the Property).  Copies of the summons, complaint, and lis pendens were left with Salass step-son, Joe Wigerman, at the Property address.  At the time, Wigerman was eleven or twelve years old.
On April 12, 2004, Wells Fargo filed an affidavit of default against Salas.  After a hearing, the master issued an order granting Wells Fargos action to foreclose the mortgage and directing the sale of the Property at a public auction.  The order required that at the time of the sale the master obtain from the bidder a deposit of five percent of the amount of the bid.  The order also provided that if the bidder failed to comply with the terms of the sale within twenty days after the date of sale, the five percent deposit would be forfeited and applied to Salass debt to Wells Fargo. 
At the judicial sale, the Property was sold to Family Home Solutions, LLC (Family Home).  Although the order required full compliance by September 21, 2004, Family Home did not fully comply until September 23, 2004more than twenty days after the date of sale, but only two days after the set date for compliance.  Salas moved to set aside the default judgment and the sale of the Property.  The master denied both motions.  Salas appealed.   
STANDARD OF REVIEW
The grant or denial of relief from a final judgment pursuant to Rule 60(b), SCRCP, is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion.  Thompson v. Hammond, 299 S.C. 116, 119, 382 S.E.2d 900, 902-03 (1989).  An abuse of discretion occurs when the courts order is controlled by an error of law or unsupported by the evidence.  Id.  An action to set aside a judicial property sale is equitable in nature.  Spillers v. Clay, 233 S.C. 99, 102, 103 S.E.2d 759, 760 (1958); Fed. Natl Mortgage Assn v. Brooks, 304 S.C. 506, 512, 405 S.E.2d 604, 607 (Ct. App. 1991).  In an equitable action, the appellate court may review the evidence to determine the facts in accordance with its own view of the preponderance evidence.  Hayne Fed. Credit Union v. Bailey, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997).  
LAW/ANALYSIS
Salas argues the master committed reversible error in denying his motions to set aside the default judgment and the judicial sale of the Property.  We disagree.  
I.       Motion to Set Aside Default Judgment  
Salas asserts the master erred in denying his motion to set aside the default judgment because service upon his step-son was improper.  We disagree.
Rule 4(d), SCRCP, provides service upon an individual must be made by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . .  The plaintiff carries the burden of showing that the trial court has personal jurisdiction over the defendant.  Jensen v. Doe, 292 S.C. 592, 594, 358 S.E.2d 148, 148 (Ct. App. 1987).  If the plaintiff complies with the South Carolina Rules of Civil Procedure, however, proper service is presumed.  Fassett v. Evans, 364 S.C. 42, 47, 610 S.E.2d 841, 843 (Ct. App. 2005).  Accordingly, an officers return of process creates a legal presumption of proper service that cannot be impeached by the mere denial of service by the defendant.  Id.
Service was proper in this case.  After Wells Fargo filed an affidavit of service attesting to proper service upon a person of suitable age and discretion, the burden then shifted to Salas to show his step-son, Wigerman, was not a person of suitable age and discretion.  Salas introduced no evidence demonstrating Wigerman was not a person of suitable age and discretion.  Salas did not proffer Wigermans testimony; he merely denied personally receiving the summons and complaint.  As Fassett makes clear, an officers return of process creates a presumption of proper service that cannot be rebutted by Salass mere denial of service by Wells Fargo.  Accordingly, the master did not abuse his discretion in denying Salass motion to set aside the default judgment for improper service.   
II.      Motion to Set Aside Sale of Property 
Salas next argues the judicial sale should be vacated or set aside because the successful bidder at the sale did not timely comply with the bid as required by the masters order of foreclosure.  We disagree. 
The terms of sale, as set forth in the order of foreclosure and notice of sale, provide that the successful bidder must comply with the terms of the bid within twenty days of the close of the bidding process.  The terms of sale also provide that if the successful bidder does not comply within the twenty day period, the bidders deposit will be forfeited and applied first to costs and then to Salass debt.  In this case, it is undisputed that the successful bidder, Family Home, was two days late in paying the balance of its bid to the master.  The issue is whether this irregularity required the master to set aside the judicial sale of the Property. 
The terms of judicial sales are set by court order, Rule 71, SCRCP, and statute.  S.C. Code Ann. §§ 15-39-10 to -900 (2005); Ex parte Moore v. Fairfield Real Estate Co., 352 S.C. 508, 510, 575 S.E.2d 561, 562 (2003); Ex parte Keller v. Hutto, 185 S.C. 283, 292-93, 194 S.E.2d 15, 18 (1937).  Bidders at judicial sales are charged with notice of the terms of sale and the selling officer has no authority to vary the terms set forth in the order of sale.  Hudson v. Inman, 179 S.C. 399, 404, 184 S.E.2d 102, 104 (1936).  Moreover, although selling officers may not alter the terms of the court order, they are given wide discretion in the manner in which they conduct judicial sales.  Ex parte Moore, 352 S.C. at 510-11, 575 S.E.2d at 562.  Nevertheless, while case law makes clear that the selling officer acts in a ministerial capacity as the arm of the court and in no way acts in a judicial capacity, Fed. Natl Mortgage Assn v. Brooks, 304 S.C. 506, 510, 405 S.E.2d 604, 606 (Ct. App. 1991), in practice, the line between the selling and judicial functions has been blurred because the master may now serve in both capacities.  
A motion to vacate a judicial sale is equitable in nature and is addressed to the sound discretion of the court.  Spillers v. Clay, 233 S.C. 99, 102, 103 S.E.2d 759, 760 (1958).  Courts are reluctant to set aside judicial sales on technical grounds.  Wooten v. Search, 187 S.C. 219, 223, 196 S.E. 877, 879 (1938).  The policy of our courts is to sustain a judicial sale when to do so does not violate principles of justice.  Cumbie v. Newberry, 251 S.C. 33, 37, 159 S.E.2d 915, 917 (1968); Brownlee v. Miller, 208 S.C. 252, 265, 37 S.E.2d 658, 663 (1946).  Thus, unless otherwise void, a judicial sale will not be set aside absent some special ground such as fraud, collusion, accident, mutual mistake, breach of trust, gross inadequacy of price, or misconduct on the part of the purchaser or selling officer.  Raleigh & C.R. Co. v. Ballentine Natl Bank, 41 F. Supp. 599, 601 (D.S.C. 1941); see also 47 Am. Jur. 2d Judicial Sales § 359 (1995); 50A C.J.S. Judicial Sales § 76 (1997).  Therefore, a judicial sale will not be set aside because of a mere irregularity in the proceedings of the sale, unless the party seeking to set aside the sale would be manifestly prejudiced by the irregularity.  Wooten, 187 S.C. 219 at 222, 196 S.E. at 878 (1938); 50A C.J.S. Judicial Sales § 77 (1997). 
While there is a dearth of cases from this jurisdiction squarely on issue, in the case of Yates v. Gridley, 16 S.C. 496, 504 (1882), the court held that a bidder who was required to comply with his bid on the day of sale, but complied more than a month later, would not forfeit his bid in the absence of fraud or collusion after he had received title to the property.  Likewise, in the case of McFarlen v. Edwards, 456 So.2d 818, 819-20 (Ala. Civ. App. 1984), the court held that a ten day delay by the purchaser in paying the bid price was not such an irregularity to warrant setting aside the sale since the bidder testified he was able to pay cash on the day of sale.  
The guiding philosophy of our courts in deciding whether to interfere with a judicial sale is to determine whether the conduct of the sale was fair and regular so as to ensure the property was sold for the highest price obtainable.  Howell v. Gibson, 208 S.C. 19, 31, 375 S.E.2d 271, 276 (1946).  This is not a case where Salas claims misconduct on the part of the purchaser or that the selling officer chilled the bidding.  Thus, we look to the consequences of the late compliance to determine if Salas has been prejudiced.
Salas contends he is prejudiced by the lateness of the purchasers compliance because if the deposit had been forfeited, and the property resold for the same sales price it sold for initially, most of the forfeited deposit would have been credited to his debt.  However, it is speculation on Salass part that the property would have sold a second time for the same amount it sold for the first time.  Furthermore, it appears there were several secondary creditors of Salas who were entitled to any surplus that may have been generated from a resale of the property, though the amounts of their claims are not set forth in the record on appeal.
Accordingly, Salas has not shown how he was prejudiced by the late payment of the bid price, and will not be heard to complain of a mere irregularity that did not affect the fairness of the judicial sale.  Johnson Cotton Co. v. Cannon, 242 S.C. 42, 55, 129 S.E.2d 750, 757 (1963).     
CONCLUSION
The trial courts order is 
 AFFIRMED.
SHORT, WILLIAMS, JJ., AND CURETON, A.J., CONCUR.