## 18105

Mrs. Sara LAWSON, Appellant, v. Mobley L. JETER and National Dairy Products Corporation, Southern Division, Sealtest Foods, of whom National Dairy Products Corporation, Southern Division, Sealtest Foods, is, Respondent.

(132 S. E. (2d) 276)

*Messrs. James W. Workman, James M. Arthur* and *John D. Long, III* of Union, *for Appellants,*

*Messrs. Bruce W. White,* of Union, and *Butler, Chapman & Barnes,* of Spartanburg, *for Respondent,*

August 7, 1963.

BRAILSFORD, Justice.

Plaintiff attempted to serve the summons in this action on the defendant National Dairy Products Corporation, Southern Division, Sealtest Foods, by delivery of a copy thereof to the defendant Mobley L. Jeter. Sealtest made a special appearance, challenging the jurisdiction of the court, and moved to quash the service of the summons and to strike its name therefrom upon the ground that Jeter was not its officer, agent, employee or legal representative on whom lawful service could be had.

This motion was heard by the court on affidavits and exhibits and was granted. This appeal followed. We quote from the order of the circuit court:

"The evidence before me is insufficient to justify a finding that said corporate defendant is doing business in Union County, South Carolina, or that Mobley L. Jeter is its agent for any purpose. In fact the evidence is overwhelmingly to the contrary. There is no contract establishing any agency relationship between them. But from the evidence I find that the corporate defendant has no interest in or control whatever over Mobley L. Jeter's equipment, his employees, or his means and methods of conducting his business. The relationship is simply that of buyer and seller. Mr. Jeter buys dairy products from the corporation and resells them to his customers as an ordinary merchant in the normal course of business. Title to the products pass to him upon delivery to him within this State and he pays the corporation for such products when billed for the same; but when and to whom and on what terms he resells such products are matters within his sole discretion. The mere fact that the brand name 'Sealtest' is displayed on Jeter's

trucks in connection with his own name as distributor is, in my opinion, entirely insufficient to sustain plaintiff's contentions.

"The only other points of contact between Jeter and said corporation are when he delivers raw milk to its processing plants. But this is a service performed by Jeter for the benefit of milk producing farmers for which service they pay him certain compensation in accordance with agreements made entirely between him and them. Here again the corporation has no control whatsoever over Jeter's equipment, employees or means and methods of operation.

"So, I am constrained to conclude from the evidence before me and under the decision of the Supreme Court in the case of *Bargesser v. Coleman Company,* 230 S. C. 562, 96 S. E. (2d) 825, that said corporate defendant is not engaged in business in Union County, that Mobley L. Jeter is not its agent for the purpose of serving process upon it or for any other purpose, and that it could not possibly be liable for any damages caused by the said Mobley L. Jeter in the conduct of his business * * *"

It is well settled that questions of fact arising on a motion to quash service of process for lack of jurisdiction of the person of the defendant are to be determined by the court. *Bargesser v. Coleman Company,* 230 S. C. 562, 96 S. E. (2d) 825. The findings of the circuit court on such issues are binding on this court unless wholly unsupported by the evidence or manifestly influenced or controlled by error of law. *Bass v. American Products Export & Import Corporation,* 124 S. C. 346, 117 S. E. 594, 30 A. L. R. 168; West's South Carolina Digest, Appeal and Error—1024(3). Here the findings of fact from which the court concluded that jurisdiction of Sealtest was not acquired by service of the summons on Jeter are amply supported by the evidence and must be affirmed.

Foreseeing the possibility of obtaining lawful service on Sealtest, appellant is aggrieved by the statements in the order of the lower court that the corporation is not doing busi-

ness in Union County and that it could not possibly be liable for any damages caused by Jeter in the conduct of his business; and has excepted thereto upon the ground that these questions were not before the court on the motion to vacate.

The statement that Sealtest is not doing business in Union County means only that it is not doing business there through Jeter. In any subsequent proceeding between the parties, this statement would not foreclose an inquiry as to whether Sealtest is doing business in Union County through any other medium. The statement as to non-liability of the corporation for an act of Jeter is simply illustrative of the relationship between the parties as found by the court, and was not intended as an adjudication on the merits; nor could it have had that effect. Having determined that it lacked jurisdiction of Sealtest, the court could not resolve any other issue for or against the corporation. If a *respondeat superior* claim against Sealtest is foreclosed by the order appealed from, which we do not decide, it is because the issue of agency was necessarily involved in the determination of the jurisdictional question (Annotation 49 A. L. R. (2d) 1036, 1068)—not because of the challenged statement. We find no error as assigned, certainly none to plaintiff's prejudice.

Finally, plaintiff is aggrieved by a provision of the order requiring her to amend the summons by striking the name of Sealtest therefrom and to serve the amended summons on Jeter. She complains that this provision of the order deprives her of the right to secure service on Sealtest by whatever means available. While we agree that plaintiff may yet prosecute an action against Sealtest if she can secure valid service, we think that these exceptions should be overruled. The contest before the circuit judge was on the issue of jurisdiction based upon service on Jeter. The motion put plaintiff on notice that Sealtest sought to have its name stricken from the summons should it prevail on this primary issue. It does not appear that plaintiff voiced any opposition in the circuit court to this incidental relief, which

inferentially, was granted as a matter of course. If plaintiff was aggrieved thereby, she should have applied to the circuit court for a modification of the order. She not having done so, we decline to pass on this question. There can be no prejudice to plaintiff's rights. She may yet apply to the circuit court for modification of the order in this respect, or she may take a voluntary nonsuit and start her action anew, as she may be advised.

Affirmed.

TAYLOR, C. J., MOSS, LEWIS and BUSSEY, JJ., concur.