0923

Karole K. JENSEN, Administratrix of the Estate of John Wallace, Deceased, a minor under the age of fourteen (14) years, Respondent v. John or Jane DOE, in their individual capacities as social workers for the Marlboro County Department of Social Services, Appellants (Two Cases).

(358 S. E. (2d) 148)

Court of Appeals

*Charles E. Carpenter, Jr.,* and *George C. Beighley,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for appellants.*

*Tony R. Megna,* of *Ratchford & Cooper,* Columbia, *for respondent.*

Heard Oct. 21, 1986.

Decided April 6, 1987.

SANDERS, Chief Judge:

In these wrongful death and survival actions, the defendants appeal from an order of the trial court denying their motion to quash service and dismiss the complaints. The motion was made by way of special appearance under now repealed Section 15-13-380, Code of Laws of South Carolina (1976). Finding no evidence to show that service on the defendants ever was accomplished, we reverse the order of the trial judge.

The complaints name John and Jane Doe as defendants and allege that they were case workers with the Marlboro County Department of Social Services (Marlboro DSS). "Doe" designation of a party whose name was not known to the plaintiff was allowed under now repealed Section 15-13-70. The full complaints are not in the record, but it is evident that Jensen seeks to hold the Doe defendants responsible for the death of her decedent. Jensen delivered copies of the two civil actions to the sheriff of Marlboro County for service on the defendants. The sheriff attempted service by taking the papers to Marlboro DSS and leaving them with an employee there. Jensen does not contend that this employee is one of the defendants or is legally liable for any of the acts alleged in the complaints. The defendants argue that the trial court acquired no personal jurisdiction because personal service on them was not effected.

We begin with the proposition that Jensen has the burden to show that service of process was correctly made. *See Matheson v. McCormac,* 186 S. C. 93, 195 S. E. 122 (1938) (when service is challenged, the record must show affirmatively that service of process was correctly made); *Yarborough and Co. v. Schoolfield Furniture Industries, Inc.,* 275 S. C. 151, 268 S. E. (2d) 42 (1980) (the plaintiff has the burden to establish that the Court has personal jurisdiction over the defendant).

The trial judge found that the Court acquired jurisdiction when the papers were delivered to the sheriff. The trial judge relied on now repealed Section 15-3-10, which provided in part that an action is deemed commenced when the summons is delivered to the sheriff of the county where the defendant resides, with the intent that it shall be served. In our view, however, this statute did not provide a method of substituted service, but operated rather to toll the statute of limitations in some cases. *See Jordan v. Wilson,* 69 S. C. 256, 260, 48 S. E. 224, 225 (1904) (doubtful whether this provision applies except in cases involving the statute of limitations). Therefore, the Court did not acquire personal jurisdiction over these defendants by delivery of the papers to the sheriff. *Cf.* Rule 3(b), S.C.R. Civ.P. (statute tolled by delivery to sheriff provided that actual service must be accomplished within a reasonable time thereafter).

The trial judge also found, however, that personal jurisdiction was obtained when the sheriff left the papers with an employee of Marlboro DSS. He found Marlboro DSS was a proper agent to receive service of process for these defendants, because it was the defendants' employer at the time of the decedent's death. The record, however, contains no evidence showing that Marlboro DSS was the employer of the defendants at the time of the attempted service.

Without evidence that the defendants were served by delivery of the papers to a person of discretion employed at their present place of business, *see* now repealed Section 15-9-520, there is nothing in the record to show these defendants were served with process. The trial judge observed that the procedure followed here was a reasonable alternative for service on these defendants, whose names were not known. We do not think, however, that the

Doe defendant statute, which Jensen used, was enacted to do away with the requirements of personal or substituted service. *See* Note, *Designation of Defendants by Fictitious Names*, 46 Iowa Law Review, 773, 776-777 (1961). The fictitious defendant provision of code pleading replaced earlier fictions and formalisms in pleading and does not relate to service of process. Hogan, *California's Unique Doe Defendant Practice: A Fiction Stranger than Truth*, 30 Stanford Law Review, 51, 95 (1977).

Compliance with the service of process requirements must be strict, and approximations will not be effective. *Seubert v. Buchanan*, 250 S. C. 140, 156 S. E. (2d) 632 (1967) (summons placed under door of closed office not effective service); *Carnie v. Carnie*, 252 S. C. 471, 167 S. E. (2d) 297 (1969) (mailed summons not effective service). This record does not demonstrate compliance and hence the record does not show the Court has personal jurisdiction of these defendants. The finding of jurisdiction is unsupported by the evidence and must be reversed. *Bass v. American Products Export & Import Corp.*, 124 S. C. 346, 117 S. E. 594 (1923).

The defendants have also argued that certain errors in the affidavits of service constitute reversible error. Because we reverse this case on other grounds, we do not address this issue.

We conclude that the trial judge's order must be reversed and the service of the complaints declared void.

Reversed.

GARDNER and CURETON, JJ., concur.