**Angela WEST, Plaintiff,**

v.

**Diane PAIGE, et al., Defendants.**

**Civ. No. 93–99–P–H.**

United States District Court, D. Maine.

Oct. 6, 1993.

Angela M. West, pro se.

Diane Paige, pro se.

Diane Sleek, Asst. Atty. Gen., Augusta, ME, for Boothby.

Regina Nappi, Portland, ME, for Nappi.

Paul Katz, pro se.

## ORDER ON MOTIONS TO DISMISS

HORNBY, District Judge.

The issue here is whether a family member has the right to challenge on First Amendment grounds the conditions of probation imposed on a convicted relative. I conclude that she does not.

The plaintiff, Angela M. West, maintains a consensual relationship with David Perfect. Perfect has been convicted of gross sexual misconduct, has spent about four years in prison and has been on probation. One of the conditions of his probation is that he attend a counseling program known as BETA. A condition of Perfect's contract with BETA is that he not be in the presence of children without a supervisor approved by BETA.

On December 5, 1992, Perfect accompanied his fiancée, the plaintiff, to a babysitting engagement, a breach of his BETA contract. The plaintiff's employer (the plaintiff worked as a nanny) inquired of Perfect's probation officer and was told that Perfect was receiving counseling as a condition of probation for an underlying conviction of gross sexual misconduct. As a result, the plaintiff was fired from her nanny position. The plaintiff and Perfect conceived a child sometime in the late summer or early fall of 1992. Perfect has told the plaintiff that they cannot live together once this baby is born (presumably the plaintiff has given birth since filing the Complaint) until Perfect has successfully completed the BETA program or received permission from BETA to live with his child.

In April, 1993, Perfect was found to be in violation of probation for living with the plaintiff and for being in the presence of children without a supervisor. The plaintiff asserts that staying away from children was not a condition of Perfect's probation.

In this lawsuit, the plaintiff has sued Perfect's probation officer and three staff members at the BETA counseling program. The probation officer, Douglas Boothby, and one of the counselors, Ben Nappi, have moved to dismiss. The motions are GRANTED.

The plaintiff claims relief from these defendants on the basis that they have acted individually or in concert under color of state law to violate her First Amendment rights to freedom of expression, freedom of speech, freedom of religion and freedom of familial association. All the allegations of her complaint but one, however, relate to the defendants' actions with respect to Perfect and the conditions of his probation.

Obviously any sentence of imprisonment or probation affects close family members and, in that sense, could be said to affect the family members' rights to association and the other First Amendment rights enumerated by the plaintiff. I know of no authority, however, that this inevitable consequence gives such family members standing to challenge the conditions of confinement or probation imposed upon a convicted relative. If there are infirmities in the conditions of Perfect's probation, either in the substantive conditions or in the way they have been administered (the plaintiff claims that Perfect's probation was revoked after it had already expired), the right to seek relief belongs to Perfect, not to the plaintiff. The fact that the plaintiff has a close relationship with Perfect as the mother of his child and as his fiancée does not give her any right to challenge the probation conditions imposed upon him and his activities.

Only one allegation in the Complaint bears directly on the plaintiff rather than on Perfect. Probation Officer Boothby allegedly told the plaintiff's employer that Perfect was receiving counseling as a condition of probation for an underlying conviction of gross sexual misconduct. Nowhere, however, does the Complaint assert that this information was untrue. Instead, the Complaint alleges that Perfect had himself informed the plaintiff that he had been convicted of gross sexual misconduct, had spent four years in prison and was on probation and subject to restrictions of the BETA program. The plaintiff does state in conclusory fashion that her

employer was also given confidential information about Perfect by an unnamed BETA staff member. The staff member is not identified, however, and the plaintiff has provided no specifics about the alleged disclosure that would permit me to assess whether or not the information was truly confidential.[1]

■ I conclude that the plaintiff has no cause of action against any of the defendants to challenge the conditions and administration of David Perfect's probation. With respect to her claim of prejudicial information being given to her employer, her allegation against the defendant Probation Officer Boothby is insufficient to withstand a motion to dismiss. She also has not identified any of the other three defendants as being responsible for giving so-called confidential information to her employer. Consequently, the defendants Boothby and Nappi's motions to dismiss are GRANTED for failure to state a claim upon which relief can be granted. The defendant Nappi is entitled to relief on the additional basis of insufficient service of process. (The defendant Nappi was ostensibly served through service upon a secretary at his place of employment. This does not satisfy the service requirements of Fed.R.Civ.P. 4(d)(1).)

The defendants Paige and Katz have not moved to dismiss. As a result of my ruling, however, the plaintiff has no cause of action against them on her current Complaint. The plaintiff is hereby ORDERED to show cause within ten (10) days from today why I should not dismiss the action in its entirety.[2]

In light of my ruling, the plaintiff's motion for appointment of counsel is moot.

SO ORDERED.

1. The plaintiff also states in a memorandum that false information was given to her former employer "that I was a child molester, or at least that I was suspected of being one." It is not alleged that the defendant Boothby made the statement but, instead, that he received it from an unnamed counsellor at BETA. The Complaint, however, speaks only of "confidential information concerning the Plaintiff's fiancée David Perfect," and does not refer to confidential or false information about the plaintiff.

2. I observe that a default was entered against the defendant Katz for failure to answer on August 20 and that an answer was filed on September 1, 1993. No action has been taken, however, on the plaintiff's request for default judgment and, in light of my ruling that the plaintiff has no substantive right to recover, default judgment would clearly be inappropriate.