2546

Mary Joe MOORE and Charlotte Ann Smith, Appellants v. David E. SIMPSON, individually, and Kimball, Dove & Simpson, a partnership, including professional association, and Bayles B. Mack, individually, and Barron Mack, a partnership, including professional association, Respondents.

(473 S.E. (2d) 64)

Court of Appeals

520

*Francis T. Draine,* of Columbia, *for appellants.*

*S. Jackson Kimball,* of Rock Hill, *for respondents.*

Heard June 4, 1996.

Decided July 15, 1996.

HUFF, Judge:

Appellants, Mary Joe Moore and Charlotte Ann Smith, appeal an order of the trial judge quashing service of their summons and complaint based on insufficiency of service of process. We affirm.

## FACTS

In February 1994, counsel for appellants notified respondent David E. Simpson of Kimball, Dove & Simpson that an investigation was under way to determine the validity of a claim by the appellants against Simpson for legal malpractice.

In May 1994, Simpson, both individually and on behalf of the law firm, agreed to toll the statute of limitations until June 6, 1994. Ultimately, the investigating attorney did not undertake to represent appellants.

On June 3, 1994, appellants, acting *pro se*, filed a summons and complaint in the York County Court of Common Pleas. Thereafter, appellants forwarded copies of the summons and complaint to Donald C. Cooper, a private investigator. Cooper attempted service on June 6, 1994 by delivering the summons and complaint to a receptionist at the law firm.

By affidavit, the receptionist in question, Melissa B. Etter, stated that she routinely receives hand-delivered documents for employees of the firm which she them places in the employee's "mail box" located at her work station. She further stated that although she could not identify the summons and complaint in question as a document that she received, it was possible the document was given to her for Mr. Simpson in folded form without specific identification, and she then placed it in his box. Etter also stated no person ever gave her the document in a manner to indicate it was being served on either Mr. Simpson or the law firm, or that it was a summons and complaint. Simpson asserted in his affidavit that although he found the documents folded in his "mail box" at the office on the afternoon of June 6, 1994, he did not know how the papers came to be in the box and, after inquiry of all employees of the firm, he determined no one had any recollection of receiving the document personally and no one was ever served for the corporation. He further stated he was never personally served.

The respondents also submitted the affidavit of Lori N. Obert, a receptionist with the law firm of Mack and Mack, who stated, in June, 1994, a man attempted similar service on her in an action brought by the appellants. She alleged the man simply handed the folded papers to her and requested she give them to Mr. Mack. He never identified himself, did not state what the papers were for, never asked if she was authorized to receive service and did not ask when Mr. Mack would be available for service.

The appellants submitted the affidavit of Cooper in which Cooper states that he introduced himself to Etter and stated he had a summons and complaint to served on Simpson and

the law firm. He claims he waited for Simpson for approximately ten minutes until Etter indicated Simpson was on the phone and would be awhile, but she would accept service. He then left the unfolded document with Etter. The affidavits of personal service indicate Cooper served the summons and complaint on Simpson and the firm by delivering same to "Melissa (Sect.), a person of discretion residing (sic) Defendant's residence."

After a hearing on the motion, the trial judge issued an order quashing service. He found Simpson was never personally served and no officer, managing or general agent, or agent authorized by appointment or law to receive service of process was served with the summons and complaint. He therefore concluded appellants failed to effect service on either Simpson or the firm in compliance with Rule 4(d), SCRCP.

On appeal, appellants contend the trial judge erred in failing to find service upon the receptionist was effective. They assert the record shows the receptionist had apparent authority to accept service under Rule 4(d). They contend the trial judge improperly resolved the issue of express authority against them. They further point out that neither Simpson nor Etter alleges there was no authority for Etter to accept service.

## *LAW*

Rule 4(d) provides service may be made as follows:

(1) Upon an individual other than a minor under the age of 14 years or an incompetent person, by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy *to an agent authorized by appointment or by law to receive service of process.*
(Emphasis added.)
(3) Upon a corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and complaint *to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process* and if the agent is one autho-

rized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
(Emphasis added.)

The plaintiff has the burden to establish that the court has personal jurisdiction over the defendant. *Jensen v. Doe*, 292 S.C. 592, 358 S.E. (2d) 148 (Ct. App. 1987). The plaintiff need only show compliance with the rules. *Roche v. Young Bros., Inc., of Florence,* — S.C. —, 456 S.E. (2d) 897 (1995). When the civil rules on service are followed, there is a presumption of proper service. *Id.* Rule 4, SCRCP serves at least two purposes. It confers personal jurisdiction on the court and assures the defendant of reasonable notice of action. *Id.* Exacting compliance with the rules is not required to effect service of process. Rather, inquiry must be made as to whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings. *Id.*

SCRCP 4(d)(1), like its federal counterpart, Rule 4(d)(1) of the Federal Rules of Civil Procedure, provides for service upon an agent only if authorized by appointment or by law. *Hamilton v. Davis*, 300 S.C. 411, 389 S.E. (2d) 297 (Ct. App. 1990). Actual appointment for the specific purpose of receiving process normally is expected and the mere fact a person may be considered to act as defendant's agent for some purpose does not necessarily mean that the person has authority to receive process. *Id.* The courts must look to the circumstances surrounding the relationship and find authority which is either express or implied from the type of relationship between the defendant and the alleged agent. *Id.* Claims by one to possess authority to receive process or actual acceptance of process by an alleged agent will not necessarily bind the defendant. Rather, there must be evidence the defendant intended to confer such authority. *Id.* According to the Federal Rules of Civil Procedure and state rules which are patterned after them, service of process may be made upon an individual by delivering a copy of the summons and of the complaint to an agent authorized by appointment to receive service of process. 62B Am. Jur. (2d) *Process* § 235 (1990). This provision was intended to cover the situation where an individual actually appoints an agent for the purpose of receiving service. *Id.* Without specific authoriza-

tion to receive process, service is not effective when made upon an employee of the defendant, such as a secretary. 62B Am. Jur. (2d) *Process* § 234 (1990). See also *West v. Paige*, 835 F. Supp. 20 (D. Me. 1993) (service upon secretary at defendant's place of employment did not satisfy the service requirements of Rule 4(d)(1) of the Federal Rules of Civil Procedure.)

■ Further, questions of fact arising on a motion to quash service of process for lack of jurisdiction of the person of the defendant are to be determined by the court. *Lawson v. Jeter*, 243 S.C. 103, 132 S.E. (2d) 276 (1963). The findings of the circuit court on such issues are binding on the appellate court unless wholly unsupported by the evidence or manifestly influenced or controlled by error of law. *Id.*

The trial court determined no officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process was served with the summons and complaint. We find that the appellants have failed to show sufficient compliance with Rule 4(d)(1) and (3) inasmuch as they have failed to show the receptionist was authorized to accept service either on behalf of Simpson or the firm.

■ The appellant failed to produce any evidence that the receptionist had express authority to accept service of process. A factual issue existed as to whether the receptionist indicated she was authorized to accept service. The receptionist denied she was ever made aware that Cooper was attempting to serve a summons and complaint and the record is devoid of any written acceptance of service by her. The trial judge apparently resolved this factual issue against the appellants. Because such a finding is supported by the evidence, it is binding on this court. There simply is no evidence Simpson or the firm intended to confer authority, either express or implied, upon the receptionist to accept service of process. Because appellants failed to show compliance with the rules, we find the order quashing service of the summons and complaint should be affirmed.

Affirmed.

HOWELL, C.J., and HEARN, J., concur.