THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Beverly Hutto,       
Appellant,
 
 
 

v.

 
 
 
County of Aiken,       
Respondent.
 
 
 

Appeal From Aiken County
Robert A. Smoak, Jr., Master-in-Equity

Unpublished Opinion No. 2004-UP-101
Submitted December 23, 2003  Filed February 18, 2004 

AFFIRMED

 
 
 
James Chaplin Cox, III, of Columbia, for Appellant,
F. Matlock Elliott and  Phillip Florence, Jr., both of Columbia, for Respondent.
 
 
 

PER CURIAM: Beverly Hutto appeals a grant 
 of summary judgment to the County of Aiken based on her failure to serve the 
 summons and complaint in her civil action against the County within the prescribed 
 statute of limitations.  Hutto contends that, as a matter of law, service was 
 sufficiently completed before the statute of limitations expired.  We affirm.
FACTS/PROCEDURAL HISTORY
In May 2000, a family court judge in Aiken County 
 issued a bench warrant for Hutto, alleging she failed to pay child support as 
 ordered.  Consequently, Hutto was arrested and incarcerated in June 2000. 
 [1]   
Hutto initiated the present action, claiming she 
 was improperly arrested because the bench warrant was issued based on false 
 information given to the family court by an employee of the Aiken County Clerk 
 of Court. [2]   According to a signed certified mail receipt, 
 she mailed a copy of the summons and complaint to Joan Williams Interim Adm. 
 828 Richland Ave., W. Aiken, SC 29801 in December 2001.  A person named Sherry 
 Mathis apparently signed the receipt on December 12, 2001, indicating receipt 
 of the summons and complaint.
The County did not answer the summons and complaint, 
 prompting Hutto to seek an order granting entry of default against the county.  
 The County subsequently moved to set aside the entry of default.  In August 
 2, 2002 order, the master-in-equity set aside the entry of default, finding 
 the Complaint was never properly served on the Defendant [County] in this matter.  
 Additionally, he specified that attorney James M. Davis was the Countys proper 
 agent for service of process, and directed Hutto to effect service on him.  
 Hutto then served the summons and complaint on Davis on August 8, 2002.  
After receiving service of Huttos summons and 
 complaint, the County filed a motion for summary judgment, arguing the action 
 was barred by the applicable two-year statute of limitations provided by the 
 S.C. Tort Claims Act.  Following a hearing, the master-in-equity granted the 
 Countys summary judgment motion based upon his finding that Huttos action 
 was barred by the two-year statute of limitations provided by the S.C. Tort 
 Claims Act, since Huttos cause of action arose in June 2000 but she didnt 
 complete service until August 2002.  This appeal follows.
STANDARD OF REVIEW
Summary judgment is appropriate 
 when it is clear that there is no genuine issue of material fact and that the 
 moving party is entitled to a judgment as a matter of law.  Café Assocs., 
 Ltd. v. Gerngross, 305 S.C. 6, 9, 406 S.E.2d 162, 164 (1991).  In ruling 
 on a motion for summary judgment, the evidence and the inferences which can 
 be drawn therefrom should be viewed in the light most favorable to the nonmoving 
 party.  Id.
LAW/ANALYSIS
Hutto argues that the trial court erred in granting 
 summary judgment to the County on the ground that her action was bared by the 
 applicable statute of limitations.  We disagree.
As an initial matter, we note that Hutto does not 
 dispute that the action is subject to a two-year statute of limitations provided 
 by the South Carolina Tort Claims Act.  See S.C. Code Ann. 15-78-110 
 (Supp. 2001); Harrison v. Bevilacqua, 354 S.C. 129, 134, 580 S.E.2d 109, 
 112 (2003) ([A]ny action brought pursuant to this chapter is forever barred 
 unless an action is commenced within two years after the date the loss was or 
 should have been discovered.)  Instead, she contends that service was effectuated 
 when she mailed the summons and complaint to Joan Williams in December 2001.  
 Specifically, she contends she substantially complied with the rule of civil 
 procedure regarding service of process by mailing the documents to the Aiken 
 County Administrator, the proper agent for service of process against the County 
 of Aiken. 
Rule 4(d), SCRCP, provides service of process may 
 be made:

(1)     Upon an individual other than a minor under the age 
 of 14 years or an incompetent person, by delivering a copy of the summons and 
 complaint to him personally or by leaving copies thereof at his dwelling house 
 or usual place of abode with some person of suitable age and discretion then 
 residing therein, or by delivering a copy to an agent authorized by appointment 
 or by law to receive service of process. 

(3)     Upon a corporation or upon a partnership or other 
 unincorporated association which is subject to suit under a common name, by 
 delivering a copy of the summons and complaint to an officer, a managing 
 or general agent, or to any other agent authorized by appointment or by law 
 to receive service of process and if the agent is one authorized by statute 
 to receive service and the statute so requires, by also mailing a copy to the 
 defendant. 

 (emphasis added).  This rule serves the dual purposes of conferring personal 
 jurisdiction on the court and assuring the defendant of reasonable notice of 
 the action.  Id.  
The plaintiff bears the burden of establishing 
 that the court has personal jurisdiction over the defendant.  Moore v. Simpson, 
 322 S.C. 518, 523, 473 S.E.2d 64, 66 (1996).  Exacting compliance with the rules 
 of civil procedure is not required to effect service of process.  Id.  
 Rather, inquiry must be made as to whether the plaintiff has sufficiently complied 
 with the rules such that the court has personal jurisdiction of the defendant 
 and the defendant has notice of the proceedings.  Id.  
Here, Hutto attempted service, as required 
 by Rule 4(d), SCRCP, on a person named Joan Williams, as the purported Interim 
 Aiken County Administrator.  However, the record contains no dispute as to the 
 fact that Aiken County did not employ a person named Joan Williams or that it 
 did not have an interim county administrator at the time service was attempted.  
 The summons and complaint were apparently received by a person named Sherry 
 Mathis, who signed the receipt returned from the summons and complaint.  There 
 is no allegation that any person named Sherry Mathis had specific authorization 
 to receive service on behalf of the County.  Thus, we find as a matter of law 
 that Hutto did not sufficiently comply with the applicable rules of civil procedure, 
 and consequently failed to effectuate service upon the County during her December 
 2001 attempt.  See Moore v. Simpson, 322 S.C. at 523-24, 473 S.E.2d 
 at 56-57 (determining that without specific authorization to receive service, 
 service is not effected upon an employee of a Defendant.)  While exacting compliance 
 with service of process rules is not required, the departure here is too substantial.  
 To uphold this attempted service as valid would effectively render the requirements 
 of Rule 4 meaningless.
We find that the record indicates Huttos cause 
 of action arose in June 2000 and a two-year statute of limitations applies.  
 Accordingly, the statutory period within which she was required to complete 
 service of process sufficient to confer personal jurisdiction over the County 
 expired in June 2002.  Because the record indicates that Hutto did not properly 
 effect service on the County until two months later, in August 2002, we find 
 as a matter of law that the master-in-equity properly granted summary judgment 
 to the County on the grounds that the action was barred by the statute of limitations.
CONCLUSION
For the forgoing reasons, the decision of the Master-in-Equity 
 is 
AFFIRMED.
GOOLSBY, HOWARD, and KITTREDGE, JJ., 
 concur.

 
 
 [1]        The record is unclear as the specific date of her arrest or 
 the duration of her incarceration.  The parties do not dispute that she was 
 arrested in June 2000.  As to the duration of her incarceration, Huttos brief 
 states she remained in custody against her will until she was released by 
 the presiding Family Court Judge of Aiken County.  The County of Aikens 
 brief specifies that she only remained in jail over night.

 
 
 
 [2]        The summons and complaint does not appear in the record, but 
 the record and briefs indicate Hutto brought a negligence action against the 
 County for false arrest.