610 S.E.2d 841

**Elfreda J. FASSETT, as Personal Representative of the Estate of George W. Crawford, Respondent,**

v.

**Hugh Allen EVANS, Appellant.**

**No. 3958.**

Court of Appeals of South Carolina.

Submitted Dec. 1, 2004.

Decided March 14, 2005.

Charles S. Bradford, of York, for Appellant.

William Thomas Moody, of York, for Respondent.

BEATTY, J.:

Hugh Allen Evans seeks to set aside a default judgment arguing service of process was ineffective because it was not effected at his usual place of abode. Alternately, Evans argues the trial court erred by declining to set aside the judgment under Rule 60(b), SCRCP, on the grounds of mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence. We affirm.[1]

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

Elfreda J. Fassett filed suit against Evans on September 18, 2001, seeking an injunction and damages for conversion, trespass, and non-consensual removal of standing timber from Fassett's property in violation of the timber statute.[2] Fassett also sought an injunction to require Evans to remove a gate obstructing the roadway to her property and to prohibit Evans from entering that property.

On October 4, 2001, a sheriff's deputy effectuated personal service on Evans by leaving a copy of the summons and complaint, notice of motion for temporary injunction, and notice of hearing with Evans' wife at their McSwain Road residence pursuant to Rule 4(d)(1), SCRCP. Evans failed to appear at the October 11, 2001 hearing on the temporary injunction. The trial court issued an order for temporary injunction, and a sheriff's deputy personally served Evans with a copy of the order on December 27, 2001. Evans also failed to answer or otherwise plead to the causes of action outlined in the complaint, and the trial court entered an order of default in favor of Fassett on November 12, 2001. Fassett served Evans with the order of default and order of reference by mailing them to Evans' McSwain Road address on November 14, 2001. Evans consulted with an attorney on November 19, 2001 regarding the necessary steps to set aside the entry of default, but he failed to retain his services. Evans later attested that he was never served with the summons, complaint, or motion for an injunction because he had moved out of the McSwain Road residence due to marital difficulties in October 2001 and did not return until January 2002.

The trial court scheduled a damages hearing and mailed notice to Evans' McSwain Road address on April 15, 2002. Evans appeared and represented himself at the damages

---

2. At the time this action was instituted, it was a misdemeanor for anyone to "knowingly or willfully cut, destroy or remove any trees or timber ... without the consent of the owner." S.C.Code Ann. § 16–11–580 (2003). This section has recently been amended to add that the unlawful removal of another's timber with a value in excess of $1,000 is a felony. S.C.Code Ann. § 16–11–580 (Supp.2004). An aggrieved landowner may seek three times the market value of the timber if it becomes necessary to file a civil action to recover the damages. S.C.Code Ann. § 16–11–615 (2003).

hearing on April 29, 2002. After hearing expert testimony on the damages issue, the trial court awarded judgment to Fassett in the amount of $75,000. The trial court filed an order of judgment and mailed it to Evans' McSwain Road residence on May 3, 2002.

Evans filed and served a notice of motion and a motion for new trial on May 20, 2002. Evans argued the trial court lacked personal jurisdiction over him because he did not receive a copy of the summons and complaint served upon his wife on October 4, 2001.

Additionally, Evans sought to set aside the verdict under Rule 60(b), SCRCP, on the grounds of inadvertence, excusable neglect, newly discovered evidence, and fraud. He asserted that improper service of process created the mistake, inadvertence, or excusable neglect that justified setting aside the verdict under Rule 60(b), SCRCP. He also argued the judgment should be set aside due to newly discovered evidence. Evans submitted affidavits in support of the motion, as proof of "newly discovered evidence," in which witnesses attested: Evans had permission from Fassett to cut timber on her land in 1997, for which she was compensated; Evans purchased property adjacent to Fassett's in 1998 from which he cut timber; Evans thought that Fassett mistakenly believed that the timber cut from Evans' property was hers; and Evans had the permission of Fassett's nephew to put up the gate to prevent illegal dumping on both Evans' and Fassett's properties. The trial court denied the motion. Evans appeals.

## LAW/ANALYSIS

### I. Personal Jurisdiction

Evans argues the trial court lacked personal jurisdiction over him because he never received the copy of the summons and complaint served on his wife at the McSwain Road residence. Evans attested he moved out of the McSwain Road residence in October 2001 and did not return until January 2002. Thus, he argues, personal service was ineffective because it was not effected at his "dwelling house" or "usual place of abode" as required by Rule 4(d), SCRCP. We disagree.

■ Under Rule 4(d)(1), SCRCP, personal service may be made upon an individual "by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." It is the plaintiffs burden to show that the court has personal jurisdiction over the defendant. *Jensen v. Doe*, 292 S.C. 592, 594, 358 S.E.2d 148, 148 (Ct.App.1987). There is a presumption of proper service when the civil rules on service are followed. *Moore v. Simpson*, 322 S.C. 518, 523, 473 S.E.2d 64, 66 (Ct.App.1996). "Rule 4, SCRCP serves at least two purposes. It confers personal jurisdiction on the court and assures the defendant of reasonable notice of the action." *Id.* "Exacting compliance with the rules is not required to effect service of process. Rather, inquiry must be made as to whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." *Id.* Further, an officers return of process creates the legal presumption of proper service that cannot be "impeached by the mere denial of service by the defendant." *Richardson Constr. Co. v. Meek Eng'g and Constr.*, 274 S.C. 307, 311, 262 S.E.2d 913, 916 (1980).

South Carolina has not defined "dwelling house or place of abode." Based on our review of federal caselaw, it appears that one's dwelling or place of abode is determined by the particularized facts of each case. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir.1963) (finding no set definition of dwelling or place of abode and that it must be determined by the facts of the particular case); 62B Am. Jur. 2d *Process* 209 (1990) ("No hard and fast definition can be laid down as to what constitutes a defendant's dwelling house or place of abode. Rather, this determination depends upon the facts of each particular case."). In the case of a married person, the usual place of abode is presumed to be with the family. Thus, the house wherein a married man's wife resides is prima facie his usual place of abode. 62B Am. Jur. 2d *Process* 210 (1990).

■ Although many courts look to the defendant's intention to return as evidence regarding the location considered one's dwelling or abode, the Fourth Circuit Court of Appeals has noted that the defendant's intent is not in and of itself a test

but merely an indication "as to whether or not it is likely in a particular case that the one served will actually receive notice of the commencement of the action and thus be advised of the duty to defend." *Karlsson*, 318 F.2d at 668. A temporary residence is not a person's dwelling or usual place of abode if a more permanent residence is shown to exist. *See In re Trexler*, 295 B.R. 573, 581 (Bankr.D.S.C.2003), *overruled on other grounds by I.P., L.L.C, v. McCullough*, 2004 WL 1474660 (D.S.C. Apr. 15, 2004), (interpreting Bankruptcy Rule 7004 regarding service of process at a persons dwelling place or usual place of abode and noting that a person's dwelling place for purposes of service is not a temporary residence when a more permanent residence is shown to exist); *see also Rosa v. Cantrell*, 705 F.2d 1208, 1216 (10th Cir.1982) (noting that the defendant bore the burden of proving he had established a new dwelling place, that mere assertion was not enough, and that evidence that his family still resided at the former marital residence was evidence that it was the usual place of abode); *First Nat'l Bank Trust Co. of Tulsa v. Ingerton*, 207 F.2d 793, 794–95 (10th Cir.1953) (noting that several jurisdictions have held that a place where one temporarily resides is not the usual place of abode for service purposes); *CSC Holdings, Inc. v. Fung*, 349 F.Supp.2d 613, 618, 2004 WL 2983845, *5 (E.D.N.Y.2004) (holding that "temporarily leaving a place of abode, without thereafter establishing a different dwelling place or abode, may result in a finding that the initial place of abode remains so for the purpose of service...."); *In re Southern Indus. Banking Corp.*, 205 B.R. 525, 531 (Bankr.E.D.Tenn.1996) (noting that cases interpreting Federal Rule of Civil Procedure 4(e)(2) provide that a temporary residence at the time of service is not ones usual 'place of abode' where a more permanent residence exists); 35A C.J.S. *Federal Civil Procedure* 242 (2003) ("The place where one is temporarily residing is not a usual place of abode, and where temporary residence is established away from the normal or usual residence, the place of abode is the usual residence regardless of the fact that defendant may be occupying the temporary residence at the time of service.").

 Considering the facts of this case, we find that the McSwain Road home was Evans' dwelling place or usual place of abode such that service by leaving the summons and

complaint with his wife was proper. A legal presumption of proper service was created when the sheriff's deputy left the summons and complaint with Evans' wife at their McSwain Road home on October 4, 2001. Although Evans claimed in his affidavit that he separated from his wife in October 2001, the separation was admittedly short, and Evans presented no evidence he established a usual place of abode elsewhere or had no intention to return to the McSwain Road residence. Evans bore the burden of proving he had established a new dwelling place, and his mere assertion that he no longer resided at the McSwain Road residence was not enough to overcome the presumption of proper service. *Rosa v. Cantrell*, 705 F.2d at 1216. Because Evans failed to present any evidence that contradicted the presumption that he resided with his wife at the McSwain Road address at the time of service, we find the trial court had personal jurisdiction over Evans.[3]

## II. Failure to set aside default judgment

Evans next argues the trial court erred by failing to set aside the default judgment under Rule 60(b)(1) and (2), SCRCP. We disagree.

A default judgment may be set aside on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; or (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(1), (2), SCRCP. However, the power to set aside a default judgment is addressed to the sound discretion of the trial court whose decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion. *Mitchell Supply Co., Inc. v. Gaffney*, 297 S.C. 160, 162–63, 375 S.E.2d 321, 322–23 (Ct.App.1988). "An abuse of discretion in setting aside a default judgment occurs when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from

---

3. Interestingly, Evans actually received notice of the entry of default during the period of separation from his wife at the McSwain Road residence via a letter dated November 14, 2001. Despite receiving notice of entry of default and consulting with an attorney as early as November 19, 2001, Evans failed to take any action until the damages hearing on April 29, 2002.

legal conclusions, is without evidentiary support." *In re Estate of Weeks,* 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct.App.1997).

Evans contends improper service of process created the mistake, inadvertence, surprise, or excusable neglect under which the default judgment should be set aside. Because we find service was proper under Rule 4(b), SCRCP, we find the trial court did not abuse its discretion in denying the motion for relief from judgment on this basis.[4]

■ Evans also asserts the trial court erred in not setting aside the judgment because he submitted newly discovered evidence in the form of affidavits. Cumulatively, the affidavits show Evans had an agreement with Fassett to log her land in 1997; Evans purchased property in 1998 adjacent to Fassett's property; Evans logged on this property, not Fassett's; and Evans received prior approval to construct the gate across the access road to both properties from Fassett's nephew.

Rule 60(b)(2), SCRCP, clearly states new evidence must be that "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Although the information contained in the affidavits was evidence not previously before the trial court, Evans was personally aware of the information prior to the commencement of the action. Thus, it was not newly discovered evidence, but merely newly presented evidence. Accordingly, we find no abuse of discretion in the denial of relief from the judgment pursuant to Rule 60(b)(2), SCRCP.[5]

---

**4.** Evans essentially argues that he deserved relief from judgment because the improper service constituted mistake, surprise, or excusable neglect pursuant to Rule 60(b)(1). However, the proper ground to set aside a default judgment due to ineffective service of process is a Rule 60(b)(4), SCRCP, motion that the judgment is void for lack of personal jurisdiction. *See McDaniel v. U.S. Fidelity Guar. Co.,* 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct.App.1996) (noting that a judgment is void for Rule 60(b)(4) purposes where the court failed to provide proper due process or where the court lacked subject matter or personal jurisdiction). Evans does not raise this particular argument on appeal. Further, in light of our finding that Evans was properly served, this argument would have no merit if it were properly before us.

**5.** The trial court's order also noted that "Rule 60(b)(2) contemplates not only that an actual trial was held, but also that the defendant was diligent in asserting this newly discovered evidence." The trial court based its decision to deny the motion to set aside the judgment on both

## CONCLUSION

Evans' mere assertion that he was not properly served with process in this case, without more evidence, will not trump the presumption that Fassett properly served Evans with process in the underlying action by leaving a copy with his wife, a person of suitable age and discretion, at Evans' usual place of abode. Under the facts of this case, we find the trial court properly found he was served. Because Evans failed to prove any mistake, neglect, or inadvertence entitling him to have the judgment set aside and the evidence provided to the court was not newly discovered, we find the trial court did not abuse its discretion in denying the motion to set aside the judgment. Accordingly, the trial court's rulings are

**AFFIRMED.**

HUFF, and KITTREDGE, JJ., concur.

---

the fact that the evidence was not newly discovered and the fact that the default judgment was not a trial as contemplated under the rules. Evans' one sentence complaint against this portion of the trial court's order merely notes that the order does not cite any legal authority. To the extent that Evans' one sentence in his brief can be viewed as arguing on appeal that the trial court erred in finding Rule 60(b)(4), SCRCP, only applies to trials, the argument is conclusory and we deem it abandoned on appeal. *See R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct.App.2000) (finding that where no authority is cited and argument in brief is conclusory, issue is deemed abandoned).