THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jara Uzenda Gobbi, Appellant,
v.
Marjorie Simerman and Patrick Wayne Mumford, Respondents.
 
 
 

Appeal From Horry County
 Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion 2006-UP-246
Submitted May 1, 2006  Filed May 16, 2006

AFFIRMED

 
 
 
Jara Uzenda Gobbi, of Myrtle Beach, for Appellant.
Arrigo P. Carotti, Mary Ruth M. Baxter, John B. McCutchein, Jr., all of Conway and Marjorie Simerman, of N. Myrtle Beach, for Respondents.
 
 
 

PER CURIAM:  Jara Uzenda Gobbi appeals the trial judges dismissal of her legal malpractice action against attorneys Marjorie Simerman and Patrick Wayne Mumford.  We affirm.[1]
FACTS
In early 2000, Gobbi retained the services of Simerman for a family court matter.  Simerman referred Gobbi to Mumford for representation regarding Gobbis allegations of fraudulent conveyance of some of her real estate holdings.  On June 17, 2002, Gobbi initiated a malpractice action against both attorneys by filing a summons and complaint alleging breach of contract, negligence, negligent misrepresentation, breach of fiduciary duty, fraud, conversion, and intentional infliction of emotional and financial harm.  Although Gobbi correctly identified Mumford in the caption of the summons, Gobbi transposed Mumfords first and middle name in the caption of the complaint, listing him as Wayne Patrick Mumford, instead of Patrick Wayne Mumford.  On June 21, 2002, Gobbi filed an amended complaint that correctly identified Mumford as Patrick Wayne Mumford.  A sheriffs deputy personally served Mumford on September 16, 2002, and personally served Simerman on September 27, 2002.  Both Mumford and Simerman filed answers, generally denying that they were liable to Gobbi for any professional action or inaction on their parts.  Mumford additionally asserted affirmative defenses including waiver, estoppel, laches, unconstitutionality of punitive damages, and failure of the complaint to state a cause of action.  In her answer, Simerman also requested: the dismissal of the complaint for failure to state facts sufficient to constitute a cause of action; judgment on the pleadings; and sanctions and costs from
Gobbi.    
Both attorneys filed motions to dismiss the action.  Simermans motion urged dismissal pursuant to Rule 12(b)(6), SCRCP, for failure to state a cause of action, and for judgment on the pleadings pursuant to Rule 12(c), SCRCP.  Mumford moved to dismiss the action pursuant to the South Carolina Rules of Civil Procedure 12(b)(2) (lack of jurisdiction over the person); 12(b)(4) (insufficiency of process); 12(b)(5) (insufficiency of service of process); 12(b)(6) (failure to state facts sufficient to constitute a cause of action); and 12(b)(8) (another action is pending between the same parties).  Mumford alleged in his affidavit that he was never served with the original summons and complaint and he had only been served with the amended complaint by mail.   
A hearing was held on both attorneys motions to dismiss.  A different attorney in the same office as Mumfords attorney appeared on Mumfords behalf.  Mumfords attorney moved to dismiss based upon the insufficiency of the process.  The trial judge orally granted the motion to dismiss the action against Mumford without prejudice, ruling that it was improper for Gobbi to have served the amended complaint without having served the original complaint.  When Gobbi claimed that she served the original complaint by certified mail, the judge noted that was not sufficient.  Simerman, representing herself, argued the action should be dismissed for failure to state a claim.  After being informed by Mumfords attorney that Simerman was served the same way, the judge dismissed the action against her without prejudice, noting that service by mail was insufficient.  The judge issued a form order dismissing the action without prejudice against both attorneys for improper service.  Gobbi moved for reconsideration, arguing:  the service of the amended complaint was proper; the judge should rule on an outstanding motion to file in forma pauperis; and the judge should comment on a report of felonies.  The motion was denied.  This appeal followed.    
LAW/ANALYSIS
I.  Dismissal  (Appellants Issues 1, 2, 3, 6, 7, and 9)
Gobbi argues the trial judge erred in dismissing her complaint against both attorneys without prejudice.  She asserts the judges decision was erroneous because it amounted to ordering what had already been done.[2]  
Under Rule 4(d)(1), SCRCP, personal service may be made upon an individual by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.  Service may also be made by certified mail, return receipt requested, and delivery restricted to the addressee.  Rule 4(d)(8), SCRCP.  There is a presumption of proper service when the rules of civil procedure are followed.  Roberson v. S. Fin. of South Carolina, 365 S.C. 6, 10, 615 S.E.2d 112, 114-15 (2005).  However, it is still the plaintiffs burden to show that the court has personal jurisdiction over the defendants.  Fassett v. Evans, 364 S.C. 42, 47, 610 S.E.2d 841, 843 (Ct. App. 2005).  
There is ample evidence in the record to support the trial judges decision to dismiss the action without prejudice.  Despite Gobbis assertions that she served Simerman and Mumford via certified mail with the original summons and complaint, there was no proof of that service in the record.  As the trial judge noted, service by certified mail alone, without restricting delivery or attaching a return receipt, is not sufficient to satisfy Rule 4(d)(8), SCRCP.  The rules also require service of the summons and complaint.  Therefore, the service by the sheriffs deputy of the amended complaint, without a summons attached, was insufficient for personal service under Rule 4(d)(1), SCRCP.  Although Gobbi argues the service of the amended complaint amounted to proper service, she failed to comply with the service requirements of Rules 4(d)(1) or 4(d)(8), SCRCP, and dismissal of the action without prejudice was proper.  
II.  Propriety of Dismissal as to Simerman  (Appellants Issues 4 and 5)
Gobbi argues it was improper for the trial judge to dismiss the action against attorney Simerman because only the attorney representing Mumford raised and argued the service issue.  Further, Gobbi complains that the attorney speaking on behalf of Mumford at the hearing was not the attorney of record and should not have been allowed to speak.   
Arrigo P. Carotti was Mumfords attorney of record.  John B. McCutcheon, an attorney in Carottis firm, appeared on Mumfords behalf in place of Carotti.  Although Simerman argued the action should be dismissed against her because the complaint failed to state facts sufficient to support any cause of action, the judge eventually dismissed the action against her after Mumfords attorney informed the judge that both attorneys were not sufficiently served with process.  Gobbi did not object to Carottis appearance or to the judges decision to dismiss the action against Simerman based upon a ground she did not argue.  Because these issues were not argued before the trial judge, they are not preserved for appellate review.  Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000).[3]
CONCLUSION
Based on the foregoing, the trial judges decision to dismiss Gobbis complaints against Simerman and Mumford without prejudice is
 AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Gobbi also argues the trial judge erred in dismissing the complaint because: (1) she was denied the opportunity to present evidence at the hearing; (2) she was denied the opportunity to be heard; (3) Simerman and Mumford were barred from moving to dismiss the action based on the insufficiency of service of process after they failed to raise the affirmative defense in their answers and they personally appeared; (4) the order failed to specify the basis for the dismissal, depriving Gobbi of remedial relief; and (5) she was prejudiced by the expiration of the statute of limitations.  These arguments were not raised before the trial judge or in her motion for reconsideration.  Because these issues were not raised to or ruled upon by the trial judge, they are not preserved for appellate review and we decline to address them.  Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (holding that issues not raised to or ruled upon by the trial judge are not preserved for appellate review). 
[3]  Gobbi also argues that Judge Cottingham erred by not commenting on a document she filed entitled Report to Judge Cottingham Pursuant to USCA Title 18 Sec. 3 and 4 Misprision of Felony and Accessory After the Fact.  In this document, Gobbi alleged that Mumford and Simerman violated federal law because they had knowledge of the felonies Scott Gobbi was committing and both failed to take action.  Gobbi claimed that she was reporting the negligence of both attorneys to the trial judge for him to report to the proper authorities pursuant to federal law.  Because we affirm Judge Cottinghams dismissal of this action, we need not address the failure to comment on this report.