**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Randolph M. James, P.C., a North Carolina Professional Corporation, Appellant,

v.

Oconee County, South Carolina, a political subdivision of the State of South Carolina, d/b/a Oconee County Regional Airport (KCEU), Respondent.

Appellate Case No. 2013-001295

———————

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-057
Heard January 6, 2015 – Filed February 4, 2015

———————

**AFFIRMED**

———————

Tracy Lynn Eggleston, of Cozen O'Connor, of Charlotte, NC, for Appellant.

Michael B.T. Wilkes and Charles Daniel Atkinson, both of Wilkes Law Firm, PA, of Spartanburg, for Respondent.

———————

**PER CURIAM:** Randolph James appeals the trial court's dismissal of his tort action against Oconee County based on failure to make valid service on the County prior to the expiration of the statute of limitations. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 4(d)(6), SCRCP (stating process must be served on a county by delivery of summons and complaint to the chief executive officer or the clerk); *Moore v. Simpson*, 322 S.C. 518, 523-24, 473 S.E.2d 64, 67 (Ct. App. 1996) (stating without special authorization to receive process, service is not effective when made on an employee); South Carolina Code Ann. § 15-3-20(b) (2005) (stating a civil action is commenced when the summons and complaint are filed if actual service is completed by one hundred twenty days after filing).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**