**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ascension Forensic, LLC, Respondent,

v.

Patricia B. Clark, Appellant.

Appellate Case No. 2019-000190

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

Unpublished Opinion No. 2021-UP-207
Submitted May 1, 2021 – Filed June 9, 2021

**AFFIRMED**

Melegia Lee Daniels, Jr., of M. Lee Daniels, Jr. P.C., of Greenville, for Appellant.

Kenneth C. Anthony, Jr., of Spartanburg, of The Anthony Law Firm, PA; and Kenneth Jay Anthony, of Anthony Law, LLC, of Greenville, both for Respondent.

**PER CURIAM:**  Patricia Clark appeals the circuit court's order denying her motion to vacate a default judgment under Rule 60(b), SCRCP.  On appeal, Clark argues the circuit court erred in denying her Rule 60(b) motion because Ascension Forensic, LLC (Ascension) failed to comply with Rule 4, SCRCP, when serving

the summons and complaint, and erroneously excluded certain documents during the hearing.  We affirm pursuant to Rule 220(b), SCACR.

The circuit court did not abuse its discretion in denying Clark's motion to vacate the default judgment.  *See RRR, Inc. v. Toggas*, 378 S.C. 174, 180, 662 S.E.2d 438, 441 (Ct. App. 2008) ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the [circuit court]."); Rule 60(b)(4) (explaining the circuit court may relieve a party from a final judgment if "the judgment is void").  First, a presumption of proper service arose when Jesse Jones, a process server, served Michael Thorstad at Clark's residence on November 10, 2016, and swore an accompanying affidavit of service.  *See* Rule 4(d)(1), SCRCP (stating service may be effective by "leaving copies [of the summons and complaint] at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein").  Jones's affidavit of service indicated Thorstad identified himself as Clark's boyfriend and confirmed he resided at Clark's home.  Second, Clark only offered mere denials of service in the form of Thorstad's testimony and her own affidavit.  *See Fassett v. Evans*, 364 S.C. 42, 47, 610 S.E.2d 841, 843 (Ct. App. 2005) ("There is a presumption of proper service when the civil rules on service are followed."); *id.* at 47, 610 S.E.2d at 844 ("Further, an officer's return of process creates the legal presumption of proper service that cannot be 'impeached by the mere denial of service by the defendant.'" (quoting *Richardson Constr. Co. v. Meek Eng'g & Constr.*, 274 S.C. 307, 311, 262 S.E.2d 913, 916 (1980))).  Notably, the circuit court specifically found Thorstad's live testimony not credible.  *See Okatie River, L.L.C. v. Se. Site Prep, L.L.C.,* 353 S.C. 327, 338, 577 S.E.2d 468, 474 (Ct. App. 2003) ("Credibility determinations regarding testimony are a matter for the finder of fact, who has the opportunity to observe the witnesses, and those determinations are entitled to great deference on appeal.").  Thus, the circuit court did not abuse its discretion in denying Clark's motion to vacate the default judgment.

Additionally, the circuit court did not abuse its discretion in excluding documents presented by Clark that allegedly demonstrated Thorstad did not reside at her home.  *See Moore v. Moore*, 360 S.C. 241, 257, 599 S.E.2d 467, 475 (Ct. App. 2004) ("As a general rule, the admission of evidence is a matter addressed to the sound discretion of the [circuit] court.").  We note Clark herself admitted she only received the documents on the morning of the hearing and did not provide them to Ascension ahead of time.  Additionally, Thorstad testified regarding the substance of the documents and thus, Clark was not prejudiced by their exclusion.  *See Stevens v. Allen,* 336 S.C. 439, 448, 520 S.E.2d 625, 629 (Ct. App. 1999) ("For this

[c]ourt to reverse a case based on the admission of evidence, both error and prejudice must be shown.").

Finally, to the extent Clark asserts the circuit court erred in considering Ascension's brief in opposition to the motion to vacate and the related affidavits and exhibits, we disagree. Clark does not identify how considering the brief in opposition, the attached affidavits, or its exhibits, amounts to an abuse of discretion. To the extent Clark's argument is grounded in the hearsay rule because some of the documents contained out of court statements, Clark did not object on the basis of hearsay during the hearing; she merely asked the circuit court to disregard Ascension's brief and its exhibits. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."). Thus, the circuit court did not abuse its discretion.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.